James F. Kahn - 003063
Krystal M. Ahart - 029358
**KAHN & AHART, PLLC**
**BANKRUPTCY LEGAL CENTER™**
301 E. Bethany Home Rd., Suite C-195
Phoenix, AZ 85012-1266
Phone: 602-266-1717
Fax: 602-266-2484
Email: James.Kahn@azbk.biz
Email: Krystal.Ahart@azbk.biz
Attorneys for Courtney Hamby

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>DUSTIN J. HAMBY,<br><br>     Debtor. | In Proceedings Under Chapter 13<br><br>Case No.: 2:18-bk-15100-MCW<br><br>Hearing Date: January 8, 2019<br>Hearing Time: 3:15 PM<br>Hearing Place: 230 N. 1st Ave.,Crtrm702<br>       Phoenix, AZ 85003 |

## RESPONSE IN OPPOSITION TO MOTION TO EXTEND AUTOMATIC STAY

  Courtney Hamby, a creditor and party in interest in these proceedings ("Ms. Hamby" or "Respondent"), through BANKRUPTCY LEGAL CENTER™ submits this Response in Opposition to Debtor's Motion to Extend Automatic Stay (dkt #12) (the "Motion"). Ms. Hamby respectfully submits that this case has been filed in bad faith, and that Debtor cannot meet the criteria for extension of the Automatic Stay as provided in 11 U.S.C. § 362(c)(3)(B) and (C), and as more fully set forth in the Memorandum of Points and Authorities which follows, and respectfully requests that the Motion be denied.

  DATED this 4th day of January, 2019.

                KAHN & AHART, PLLC
                 BANKRUPTCY LEGAL CENTER™

                /s/ James F. Kahn, SBN003063
                Attorney for Courtney Hamby

## MEMORANDUM OF POINTS AND AUTHORITIES

Courtney Hamby is the former spouse of Dustin J. Hamby and the mother of their two (2) minor children.

Dustin J. Hamby is the Debtor in these proceedings and was the Debtor in a previously filed Chapter 13 case, Case No. 2:18-bk-03941-PS, also filed in the U.S. Bankruptcy Court for the District of Arizona (the "Prior Case"). The Prior Case was pending within one year of the instant case, thus invoking the 30-day limitation on the Automatic Stay pursuant to 11 U.S.C. § 362(c)(3)(a).

Ms. Hamby respectfully submits that the instant case, as well as the previous case, were filed in the utmost of bad faith, and with the intention of frustrating and/or defeating Family Court proceedings pending in the Superior Court of Arizona, County of Maricopa, Case No. FC 2015-071603, titled Dustin J. Hamby, Petitioner, and Courtney Ann Hamby, Respondent (the "Family Court Case").

**TIMING**

Prior to filing the Prior Case, Mr. Hamby filed a petition for mediation in the Family Court. Upon information and belief, the mediation was scheduled for July 30, 2018. Mrs. Hamby was not notified of the pending mediation. However, on July 23, 2018, Mr. Hamby filed the Prior Case.

Additionally, an evidentiary hearing in the Family Court was scheduled to take place on December 14, 2018. On December 12, 2018, Debtor filed the instant bankruptcy. The evidentiary hearing was continued by stipulation until January 14, 2018.

A copy of the Family Court Case Information – Case History (docket) is attached as Exhibit A.

**FAMILY COURT PROCEEDINGS**

Mr. Hamby, as petitioner in the Family Court proceedings, filed a Petition to Modify Support Orders. Mrs. Hamby, as respondent in the Family Court proceedings, filed a Petition for Judgment for Spousal Maintenance Arrearages and Attorney's Fees. The positions of the parties are best summarized by review of the Respondent's Amended Pretrial Statement, a copy of which is attached as Exhibit B.

Additionally, Ms. Hamby has filed a Motion for Relief from Decree of Dissolution of Marriage which is also scheduled for evidentiary hearing on January 14, 2018 (the "Relief Motion"). A copy of the Relief Motion is attached as Exhibit C. The petition asserts that Dustin Hamby procured from Courtney Hamby a Divorce-Asset & Liability Agreement predicated upon false financial information and in breach of his fiduciary duties to Mrs. Hamby.

Mr. Hamby represented to Mrs. Hamby that the value of their stock interest in Elite Sales & Marketing Group, Inc. was $74,000, while Mr. Hamby was contemporaneously negotiating a sale of the stock for $653,165.53 in the form of a promissory note (the "Promissory Note").

Mr. Hamby also failed to disclose the existence of the Promissory Note in the Prior Case and did not amend his Schedules until he was "caught" in the nondisclosure.

Mrs. Hamby seeks amendment of the decree to reflect the true state of affairs, division of the marital property equally between the parties and for judgment for one half of the proceeds from the sale the stock Mr. Hamby received prior to the division of the sales proceeds, plus attorney's fees and costs as more fully set forth in the attached Exhibit B.

**LEGAL AUTHORITIES**

      11 U.S.C. § 362 (b) (2) exclude from the automatic stay certain actions:
under subsection (a)—
(A) of the commencement or continuation of a civil action or proceeding—
…
(ii) for the establishment or modification of an order for domestic support obligations;
(iii) concerning child custody or visitation;
(iv) for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate; or
….

      11 U.S.C. § 362(c)(3)(A) provides:
the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

      11 U.S.C. § 362(c)(3)(B) provides:
on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period **only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed.** (Emphasis added.)

      11 U.S.C. § 362(c)(3)(C) provides:
for purposes of subparagraph (B), a **case is presumptively filed not in good faith** (but such presumption may be rebutted by **clear and convincing evidence** to the contrary) . . . .

**ARGUMENT**

      To the extent that the Family Court seeks to modify either child support or spousal maintenance, determine arrearages, or assess penalties as may be provided by law, the automatic stay does not apply. Ms. Hamby respectfully requests a "comfort order" confirming to the Superior Court that the automatic stay of the bankruptcy does not interfere with those actions.

      Debtor has filed not one, but two Chapter 13 bankruptcy Petitions virtually on the eve of hearings pending in the Family Court. Respondent herein respectfully submits that

both bankruptcies were filed for the primary or substantial purpose of frustrating the action by the Family Court, to prevent the assessment of arrears and potential penalties for failing to pay spousal maintenance and/or child support on a timely basis.

Additionally, Debtor seeks to prevent the Superior Court from appropriate consideration of the Relief Motion, predicated upon Mr. Hamby's fraud and concealment. It may be presumed there is a substantial risk facing the Debtor in these proceedings. However, the Superior Court is the correct, and arguably only, court having jurisdiction to address the fraudulently procured divorce decree. Indeed, seeking such redress in the bankruptcy court potentially would run afoul of the Rooker-Feldman doctrine (*Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

By statute, this case is presumptively filed "not in good faith." Ms. Hamby respectfully submits that Debtor cannot rebut <u>by clear and convincing evidence</u> the statutory presumption, at least as to this creditor if not all creditors.

WHEREFORE, Ms. Hamby prays for an order of this court confirming that the automatic stay of 11 U.S.C. § 362 terminates on January 11, 2019, as to all proceedings pending in the Family Court Case (Case No. FC 2015-071603), or for such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 4th day of January, 2019.

    KAHN & AHART, PLLC
      BANKRUPTCY LEGAL CENTER™

    /s/ James F. Kahn, SBN003063
    James F. Kahn
    Attorney for Courtney Hamby