# EXHIBIT "B"

JOE M. ROMLEY, P.C.
SUITE 120
4647 NORTH 32ND STREET
PHOENIX, ARIZONA 85018
TELEPHONE (602) 528-4710

Joe M. Romley (#001786)
jromley@jmromleylaw.com

Attorney for Respondent

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

In re the Marriage of )
)
DUSTIN JOEL HAMBY ) No. FC 2015-071603
)
and ) **RESPONDENT'S AMENDED PRETRIAL**
) **STATEMENT**
COURTNEY ANN HAMBY. ) (P/A: Hon. Lisa Ann Vandenberg)
)

Respondent submits the following Amended Pretrial Statement in connection with the January 14, 2019 evidentiary hearing on petitioner's Petition to Modify a Support Order and Respondent's Post-Decree Petition For Judgment For Spousal Maintenance Arrearages And Attorney's Fees.

I. Uncontested Facts

A. The parties marriage was terminated by Decree of Dissolution of a Non-Covenant Marriage With Minor Children ("Decree") entered by Commissioner Bernard C. Owens on November 6, 2017.

B. In accordance with the Decree and the parties Parenting Plan filed with the Decree, they were awarded the joint legal decision-making responsibilities for their two children, Madison Hamby, born August 17, 2005, and Cohen Hamby, born October 14, 2008.

C. The Parenting Plan provides that the parties have equal parenting time alternating on a weekly basis and during the holidays and the children's school recesses.

D. In accordance with the child support order entered contemporaneously with the entry of the Decree, petitioner was ordered to pay respondent $800.00 per month for the support of the children commencing December 1, 2017. In this regard, the child support order states:

> **Child Support.** Father is obligated to pay child support to Mother pursuant to the Arizona Child Support Guidelines in the amount of $575.37 per month. Application of the child support guidelines in this case is inappropriate or unjust. The Court has considered the best interests of the children in determining that a deviation is appropriate. After deviation the child support order is $800.00 per month. Further, the parties have entered into a written or record agreement free of duress and coercion to deviate with knowledge of the amount of child support that would have been ordered under the guidelines but for the agreement.

E. Further, with respect to petitioner's obligation to pay spousal maintenance to the respondent, the Decree states:

> **Husband is ordered to pay** the other party the sum of $1,700.00 per month spousal maintenance/support BEGINNING THE FIRST DAY OF THE MONTH after this Decree is signed. Each payment shall be made by the first day of each month after that and shall continue until the receiving party is remarried or deceased or until (date) May 31, 2020. All payments shall be made through the Support Payment Clearing house by automatic income withholding order, until all required payments have been made under this Decree. Payments made shall be included in receiving spouse's taxable income and is tax deductible from the paying spouse's income as required by law. Spousal maintenance/support payments end if the receiving party is married or deceased.

F. Through 2018, petitioner is in arrears in the Court ordered spousal maintenance and child support payments; however, partial payments are currently being made on these support arrearages.

. . .

II. Contested Issues.

A. Whether there has been a substantial and continuing change of circumstances to justify a modification of the child support and modification or termination of the spousal maintenance award.

B. Whether petitioner is in arrears in his spousal maintenance obligation to the respondent and, if so, the amount of the arrearage.

C. Whether petitioner willfully failed to pay the Court ordered spousal maintenance to respondent and is in contempt of the Court's support order, and if so, appropriate sanctions to be entered against the petitioner.

D. Whether respondent is entitled to an award of sanctions and attorney's fees and costs in connection with these proceedings.

Respondent's position on the contested issues is attached as Exhibit "A".

III. Witnesses

A. Courtney Hamby

B. Dustin Hamby

IV. Exhibits

A. Respondent's Affidavit of Financial Information.

B. Divorce-Asset & Liability Agreement dated April 25, 2017.

C. Petitioner's W-2 for the year 2017.

D. Promissory Note And Security Agreement dated December 31, 2017 executed by Elite Sales & Marketing Group, Inc. to Dustin Hamby.

E. Elite Sales & Marketing Group, Inc. Transaction Report for 11/1/2017 through 11/19/2018.

F. Letter from Inductance Energy Corporation detailing petitioner's employment salary and benefits.

G. Page 5 of petitioner's schedules filed in Case No. 2:18-bk-15100-MCW in the United States Bankruptcy Court for the District of Arizona.

DATED: January 3, 2019.

JOE M. ROMLEY, P.C.

BY *(signature)*
JOE M. ROMLEY
Attorney for Respondent
4647 N. 32nd Street #120
Phoenix, Arizona 85016

The foregoing e-filed
3rd day of January, 2019.

Copy of the foregoing served by e-mail
this 3rd day of January, 2019, to:

Christina Ortecho, Esq.
Attorney for Petitioner
Christina@Ortecholaw.com

*(signature)*

JOE M. ROMLEY, P.C.
SUITE 120
4647 NORTH 32ND STREET
PHOENIX, ARIZONA 85018
TELEPHONE (602) 528-4710

EXHIBIT "A"

Joe M. Romley (#001786)
jromley@jmromleylaw.com

Attorney for Respondent

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

In re the Marriage of )
)
DUSTIN JOEL HAMBY ) No. FC 2015-071603
)
and ) **RESPONDENT'S AMENDED POSITION**
) **STATEMENT ON THE CONTESTED**
COURTNEY ANN HAMBY. ) **ISSUES**
_____) (P/A: Hon. Lisa Ann Vandenberg)

Respondent submits the following Amended Position Statement on the contested issues.

**I. There are no substantial and continuing changed circumstances to justify termination of spousal maintenance or modification of child support.**

In accordance with the child support order entered contemporaneously with the November 6, 2017 decree terminating the marriage, petitioner was ordered to pay respondent $800.00 per month for the support of the children commencing December 1, 2017. In this regard, the child support order states:

> **Child Support.** Father is obligated to pay child support to Mother pursuant to the Arizona Child Support Guidelines in the amount of $575.37 per month. Application of the child support guidelines in this case is inappropriate or unjust. The Court has considered the best interests of the children in determining that a deviation is appropriate. After deviation the child support order is $800.00 per month. Further, the parties have entered into a written

or record agreement free of duress and coercion to deviate with knowledge of the amount of child support that would have been ordered under the guidelines but for the agreement.

Further, with respect to petitioner's obligation to pay spousal maintenance to the respondent, the Decree states:

> **Husband is ordered to pay** the other party the sum of $1,700.00 per month spousal maintenance/support BEGINNING THE FIRST DAY OF THE MONTH after this Decree is signed. Each payment shall be made by the first day of each month after that and shall continue until the receiving party is remarried or deceased or until (date) May 31, 2020. All payments shall be made through the Support Payment Clearing house by automatic income withholding order, until all required payments have been made under this Decree. Payments made shall be included in receiving spouse's taxable income and is tax deductible from the paying spouse's income as required by law. Spousal maintenance/support payments end if the receiving party is married or deceased.

The predicate for a modification or termination of spousal maintenance is set forth in **Arizona Revised Statutes §25-327**. This statute provides in relevant part:

> * * *the provisions of any decree respecting maintenance or support may be modified or terminated only on a showing of changed circumstances that are substantial and continuing. . ..

Similarly, with respect to child support, **Arizona Revised Statutes §25-503 E** provides:

> Any order for child support may be modified or terminated on a showing of changed circumstance that is substantial and continuing, except as to any amount that may have accrued as an arrearage before the date t modify or terminate.

Petitioner's allegations in Paragraph 9 of the pending petition are that in the nine months since the entry of the decree and child support and spousal maintenance orders his income has substantially decreased and respondent's job skills and earning

2

capacity have substantially increased and she is now supported by a third party. There is no factual basis to support any of these allegations.

When the decree was entered, petitioner was employed by Elite Sales & Marketing Group, Inc., an Arizona corporation. His 2017 W-2 from this corporation reflects an annual income of $72,000.00 which is $6,000.00 per month. In accordance with his Affidavit of Financial Information dated October 29, 2018, petitioner is now employed by IEC Inductance Energy Corporation at an annual base salary of $90,000.00 or $7,500.00 per month. Petitioner's base salary has therefore increased by $1,500.00 a month since the decree was entered. Further, in accordance with petitioner's employment agreement with IEC, based upon earning goals he is entitled to a bonus of 100% of his base salary.

In addition to his employment income, petitioner owns and operates a consulting business. According to his 2017 federal income tax return, he earned $40,000.00 from this business and presumably earned a similar amount in 2018.

Finally, in December 2017, petitioner sold capital stock in his name in Elite Sales & Marketing Group, Inc. for $653,165.35 which is payable with interest at the rate of 4% per annum in semi-monthly payments of $6,010.00. Based upon current disclosures, petitioner received $62,500.00 during 2018 on this note from Elite Sales & Marketing Group, Inc., which averages $5,682.00 a month through November, 2018.

Contrary to his allegations in his pending petition, petitioner's income and earning capacity is the same, if not higher, than at the time the decree was entered terminating the parties' marriage.

In contrast to petitioner, respondent was employed part-time as an Aesthetician with an average monthly income of $940.00 by Arrowhead Dermatology when the decree was entered. The business entity changed its name to Epiphany Dermatology and her employment was terminated effective November 23, 2018 for a "reduction in force". In addition, respondent had limited net income from a business operated by her known as Love Your Skin. Contrary to petitioner's allegation, respondent's income has decreased, not increased, since the entry of the decree. Further, respondent is not receiving any payment towards her living expenses from a third party.

Even assuming there had been some increase in respondent's income since the decree was entered, an increase in her employment income or income from her business would have been reasonably anticipated when the decree was entered and during the 2-1/2 year of the spousal maintenance award. This increase would not constitute a substantial and continuing change of financial circumstances. **Linton v. Linton,** 17 Az.App 560 at 563, 499 P.2d 174 (1972).

In **Linton,** the parties agreed upon the amount and duration of spousal maintenance in a settlement agreement which the former husband sought to modify less than a year after the decree was entered based upon his retirement. The Appellate Court reversed the trial court's order finding that there had been a substantial and continuing change in circumstances to support the modification of the spousal maintenance award since the parties had been aware of the former husband's contemplated retirement. In support of its holding, the Court stated:

4

> In our opinion no substantially changed circumstances can be made out of the appellee's decrease in income because all of these facts were available to the parties at the time that they executed the property settlement agreement. The fact of retirement with its resultant decrease in income was certainly known to the parties at that time and, as the trial court correctly found, was known to them since 1996. (17 Ariz. App. 563 ¶7.)

In discussing the import of **Linton**, the Court in **Chaney v. Chaney,** 145 Ariz. 23, 26, 699 P.2d 398, 401 (App. 1985), stated:

> Linton is essentially based upon the principle that the court will look with disfavor upon a party who attempts to evade contractually agreed upon spousal maintenance responsibilities by asserting a change of circumstances when the parties originally made their agreement with such changes in mind.

As in **Chaney** petitioner is attempting to evade the Court ordered child support and spousal maintenance nine months after the entry of the support orders without factual support. In the absence of changed circumstances to justify the termination of spousal maintenance or modification of child support, petitioner's pending petition should be dismissed. **In re Marriage of Rowe,** 117 Ariz. 474, 487 ¶¶5, 6, 573 P.2d 874 (1978) (*Due to the trial court's finding of no change of circumstances, the court was not authorized to modify appellant's spousal maintenance award.*)

**2. Petitioner is in arrears in the Court ordered spousal maintenance and in contempt of the Court's support order.**

With the filing of his pending petition in August, 2018, petitioner stopped the monthly payment of spousal maintenance. Respondent also failed to pay the monthly child support in September, 2018. He has had the financial ability to continue these payments and his failure to timely pay the Court ordered spousal maintenance and child support is willful and contemptuous.

5

Effective August 1, 2018, the following payments have been made by petitioner towards his child support and spousal maintenance obligations:

08/22/18 - $800.00; 10/01/18 - $800.00; 11/02/18 - $1,565.00; 11/16/18 - $1,565.00 and 12/03/18 - $1,565.00.

During this 5 month period, petitioner owed respondent child support and spousal maintenance of $12,500.00 and paid $6.295.00. Based upon these payments, petitioner is in arrears in the spousal maintenance and child support payments to respondent in the principal amount of $6,205.00 plus interest at 10% per month on each delinquent monthly payment until paid.

In accordance with Rule 92 E, F and G of the **Rules of Family Law Procedure**, respondent requests that the Court find petitioner in contempt for non-payment of spousal maintenance and child support, enter judgment against him for the support arrears with interest, and order that in the event the arrearages are not paid that he be incarcerated until the arrearages are paid in full. Petitioner further requests that as a sanction judgment be entered against petitioner for her attorney's fees and costs with respect to these issues.

**3. Respondent is entitled to an award of sanctions, attorneys fees and costs in connection with these proceedings.**

In accordance with **Arizona Revised Statutes §25-324(A)**, the trial Court may award reasonable attorney's fees "*after considering the financial resources of both parties and the reasonableness of the position each party has taken throughout the proceedings*".

As reflected in their Affidavits of Financial Information, there is substantial disparity in the earnings and earning capacity of petitioner and respondent. Respondent is clearly the "*poorer*" of the two parties within the purview of the cases addressing an award of attorney's fees based upon the parties' financial resources. **Rinegar v. Rinegar**, 231 Ariz. 85, 290 P.3d 1208 (App. 2012); **Merrill v. Merrill**, 230 Ariz. 369, 284 P.3d 880 (App. 2012); **In re Marriage of Gibbs**, 227 Ariz. 403, 258 P.3d 221 (App. 2011). In addition, viewed from an objective standard, petitioner's request to terminate spousal maintenance or modify child support is unreasonable. **In re Marriage of Williams,** 219 Ariz. 546, 548-549 ¶10, 200 P.3d 1043, 1045-1046 (App. 2008.) Neither party's financial circumstances has changed since the entry of the decree and respondent remains entitled to the award of spousal maintenance pursuant to **Arizona Revised Statutes §25-319 A. 1 and 2.**

It is also reasonable to conclude that petitioner's attempt to terminate spousal maintenance and modify child support is in retaliation for respondent's pending Motion For Relief From Judgment with respect to petitioner's failure to disclose to respondent the prospective sale and sale of his capital stock in Elite Sales & Marketing Group, Inc. for $653,165.53 which was finalized immediately following the entry of the decree. As set forth above, petitioner's pending petition is not grounded in fact or based in law and/or was filed for an im proper purpose justifying a mandatory award of attorney's fees and costs pursuant to **Arizona Revised Statutes §25-324B.**

Respondent is also entitled to an award of attorney's fees pursuant to Rule 92 E.2 in connection with her pending post-decree petition to enforce the spousal maintenance award through judgment and contempt.

Respectfully submitted this 3rd day of January, 2019.

        **JOE M. ROMLEY, P.C.**

        BY *[signature]*
        JOE M. ROMLEY
        Attorney for Respondent
        4647 N. 32nd Street #120
        Phoenix, Arizona 85018

The foregoing e-filed
3rd day of January, 2019.

Copy of the foregoing served by e-mail
this 3rd day of January, 2019, to:

Christina Ortecho, Esq.
Attorney for Petitioner
Christina@Ortecholaw.com

*[signature]*