1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

In re

DUSTIN J. HAMBY,

                Debtor.

Chapter 13

Case No. 2-18-bk-15100 MCW

**ORDER DISMISSING CASE**

14    The Trustee having notified the Court that the Debtor failed to file 2017 federal income tax

15 returns (POC #13) as required by Local Rule 2084-5, the Court finds cause for dismissing the

16 case pursuant to 11 U.S.C. § 1307(e).

17    **NOW, THEREFORE, IT IS ORDERED:**

18    (A) This case is dismissed and the Clerk of the Court will give notice of the dismissal to all

19 parties in interest;

20    (B) A motion to reinstate the case may be granted without a hearing if the Trustee approves

21 the proposed reinstatement order. If the Trustee does not approve of reinstatement of the case,

22 the matter may be set for hearing upon the Debtor's motion. The Court may set a hearing on any

23 motion to reinstate on the request of an interested party who had joined the Trustee's request for

24 dismissal;

25
26

1  (C) Pursuant to 28 U.S.C. § 586(e)(2), the Trustee shall be paid his percentage fee from all

2  payments and property received, even if the case is reinstated and converted to another chapter.

3  After payment of the Trustee's percentage fee, subject to the provisions herein, the Trustee will

4  retain the funds in the case pending Court approval of the payment of administrative expenses

5  of the attorney for the Debtor. If the Chapter 13 Plan contains an application for payment of

6  administrative expenses and no party in interest filed an objection to the application, then the

7  counsel for the Debtor may lodge an order approving the application within ten days after the

8  Court enters this Dismissal Order. Alternatively, counsel for the Debtor has 10 days after the

9  Court enters this Dismissal Order to file and notice out a separate fee application. The Trustee is

10  to pay from the funds on hand any adequate protection payments previously ordered by the

11  Court. If there is an insufficient amount of funds on hand to pay all allowed administrative

12  expenses and adequate protection payments, then the Trustee shall pay the administrative

13  expenses and adequate protection payments pro rata. Any remaining funds will be returned to

14  the Debtor. If the attorney for the Debtor fails to timely lodge such Order or file a fee

15  application, the Trustee may pay out the funds according to this Order; and

16  (D) If the Court has entered a payroll deduction order on the wages of the Debtor, then the

17  Court vacates that order.

18
_____
**ORDER SIGNED AND DATED ON PAGE ONE**
19  _____

20

21

22

23

24

25

*In re Hamby*
*Case No. 2:18-bk-15100 MCW*
*Order Dismissing Case*

Case 2:18-bk-15100-MCW    Doc 42    Filed 02/26/19    Entered 02/26/19 10:32:42    Desc
Main Document    Page 2 of 3

| | |
|---|---|
| 1 | A copy of the proposed Order Dismissing Case was |
| 2 | mailed or emailed by the Chapter 13 Trustee<br>on or before the date signed below to: |
| 3 | |
| | DUSTIN J. HAMBY |
| 4 | 11217 WEST JOMAX ROAD<br>PEORIA, AZ 85383 |
| 5 | Debtor |
| 6 | |
| 7 | LEONARD V. SOMINSKY |
| | LEONARD V. SOMINSKY, ESQ., PC. |
| 8 | 2700 NORTH 3RD STREET, STE. 2006<br>PHOENIX, AZ 85004- |
| 9 | info@lvslaw.net |
| | Attorney for Debtor |
| 10 | |

Cheryl Turner
2019.02.26
10:25:19
-07'00'

cturner@ch13bk.com