Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>DUSTIN J. HAMBY,<br><br><br><br><br>Debtor. | Chapter 13<br><br>Case No. 2-18-bk-15100-MCW<br><br>**TRUSTEE'S RECOMMENDATION** |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Trustee notes the following problems, which must be resolved before recommending confirmation of the Plan:

1. The Plan is underfunded. Nonexempt asset from sale of business requires payback of $617,382.00 to priority and general unsecured creditors.

2. Debtor fails to disclose all income on Schedule I. Pursuant to the promissory note and security agreement, Debtor receives $12,020.00 per month from the sale of his business, Elite Sales & Marketing Group. These monthly payments are scheduled to continue through December 2022. In addition, pursuant to an affidavit submitted to family court, Debtor's fiancee contributes $2,488.00 per month to the household. Schedule I must be amended to disclose income from all sources.

3. Debtor schedules a promissory note owed by Elite Sales & Marketing Group in the amount of $613,560.00. The Trustee has been informed that the Debtor may have sold the note to a third party. Debtor is to provide the Trustee with a statement as to the promissory note, if Debtor sold the note, and if sold, how much was received from the purchaser.

4. As noted in Item #2 above, in addition to income from employment, Debtor receives income from a note receivable of $12,020.00 per month. No taxes are deducted from this income. Given the Debtor's current priority tax debt of over $114,000.00, the Debtor must pay quarterly estimated taxes to avoid future additional tax liability. Estimated at a 30% tax rate, the Debtor should be setting aside approximately $3,600.00 per month to make quarterly payments of $10,800.00. The Trustee requires that Schedule J be amended to include the allowance. In addition, the Debtor must provide proof of payment for the quarter ending March 2019.

5. The Trustee requires copies of all bank statements for January through April 2019, showing all deposits from note income. Debtor is to highlight each deposit prior to submission of the documents.

6. Debtor's contract for employment with Inductance Energy Corporation indicates that the Debtor may receive quarterly bonuses. Trustee requires a copy of all paystubs for April 2019. Trustee reserves the tight to require turnover of future bonus income.

7. The Statement of Financial Affairs fails to disclose note income from the sale of the business. Trustee also notes that 2017 income is listed as $110,378.00 while the 2017 tax returns shows adjusted gross income of $177,238.00. The Statement of Financial Affairs must be amended to accurately disclose all income received in 2017 and 2018.

8. Form 122C-1 fails to disclose note income. The form must be amended to include all income for the 6 months prior to petition date.

9. The Trustee requires a copy of Schedule E for the 2017 federal income tax return.

10. The Trustee requires complete copies of the 2018 federal and state income tax returns, to include all schedules, statements and attachments.

11. The Arizona Department of Revenue and America First Credit Union have filed objections to the Plan. The attorney for the Debtor must notify the Trustee in writing if the objections are resolved or, if they are unresolved, file the appropriate motions to get the Court to hold hearings on the objections. If resolution of the objections changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

12. The proofs of claim filed by the Arizona Department of Revenue, #2-3, the Internal Revenue Service, #3-3, and Courtney Hamby, #15, differ from the creditors' treatment under the Plan or are not provided for by the Plan. The Trustee has received no notification that the issues have been resolved and the Debtor must resolve the discrepancies before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor: (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; or (c) notify the Trustee **in writing** that the order confirming the Plan will provide for full payment of the claim. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the

- 3 -

Case 2:18-bk-15100-MCW    Doc 47    Filed 04/03/19    Entered 04/03/19 09:30:29    Desc
Page 3 of 6

Plan. If one or more objections to the proofs of claim is timely filed by the Debtor, then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

13. The Court claims register priority and general unsecured debts total an amount which exceeds the limit imposed by 11 U.S.C. §109(e). Debtor must provide verification of eligibility for relief under Chapter 13.

14. Debtor has a domestic support obligation. Pursuant to 11 U.S.C. § 1325(a)(8), the order confirming plan must state: "The debtor has paid all amounts that are required to be paid under a domestic support obligation and that first became payable after the date of the filing of the petition." Moreover, with the proposed order confirming plan, the Trustee requires that the Debtor give the Trustee verification of being current in post-petition DSO payments.

Other requirements:

The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to <u>Cheryl Turner</u>, case administrator in the Trustee's office.

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

- 4 -

(C) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(D) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(E) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(F) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(G) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2018 - 2022 federal and state income tax returns, including all attachments, forms, schedules and statements, within 14 days of filing them.

(H) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(I) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

1     **Plan payment status**: The Debtor's interim payments of $1,600.00 each are current through due date March 11, 2019. Subsequent payments are due each following month. Debtor may access case information from the Trustee's office, such as plan payments received, by going to www.ndc.org. Then, click the box that says Get Started. It's Free! and follow the instructions.

    **Pursuant to Local Rule 2084-10(b), the Debtor must provide the following by May 6, 2019, or the Trustee will file a notice of intent to lodge an order dismissing the case:**

    (a) All information and documents as requested in Items #2 through 14 above; and

    (b) Pay to the Trustee the sum of $1,600.00.

    SUMMARY: Pursuant to Local Rule 2084-10(b), Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Copy mailed or emailed to:

RBrown 2019.04.02 14:59:04 -07'00'

DUSTIN J. HAMBY
11217 WEST JOMAX ROAD
PEORIA, AZ 85383

LEONARD V. SOMINSKY
LEONARD V. SOMINSKY, ESQ., PC.
2700 NORTH 3RD STREET, STE. 2006
PHOENIX, AZ 85004

CTurner  Cheryl Turner 2019.04.03 07:17:55 -07'00'

*cturner@ch13bk.com*