Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 13 |
| DUSTIN J. HAMBY, | Case No. 2-18-bk-15100-MCW |
| | **TRUSTEE'S RECOMMENDATION ON THE FIRST AMENDED PLAN** |
| Debtor. | |

The Trustee has reviewed the First Amended Chapter 13 Plan filed May 3, 2019. Trustee notes the following problems, which must be resolved before recommending confirmation of the Amended Plan:

1. The Amended Plan is underfunded. Section (I), Plan Summary, lists priority debt payment of $99,560.57. Section (C)(6)(b), provides for claims totaling $118,091.29. Further, the Plan fails to provide for the turnover of nonexempt funds from the collection of defaulted note payments from Elite Sales and Marketing Group. Additional funding is required to cure the shortfall.

2. Trustee requires written statement regarding the status of the collection of defaulted sale proceeds by Financial Law, LLC. Copies of all recent communications must be provided. Financial Law LLC may not continue to collect on the defaulted payments without first being appointed as special counsel to the bankruptcy estate. The attorney for Financial Law, LLC, must provide a copy of the file to the Trustee and contact the Trustee's staff attorney, Rachel Flinn, to prepare an

Application to Appoint Special Counsel. Debtor is reminded that all funds must be turned over to the Trustee. Any order confirming plan must state: Any funds from the collection of the note will be applied first to unsecured, priority claims, then to unsecured, nonpriority claims, then finally as advance Plan payments, but the term of the Plan will not be reduced to fewer than 60 months unless all claims are paid in full.

3. The Inductance Energy Corporation employment contract includes a provision for payments of quarterly bonuses, payable within 30 days after the final accounting by the company. The Trustee requires a copy of all bonus paystubs received for 2019 through July 2019. The Order Confirming Plan must state; Debtor shall turnover net bonus income fore 2019 through 2023, to be applied as a supplement to the Plan for the benefit of priority unsecured and unsecured non priority claims. Debtor shall submit copies of bonus paystubs concurrently with the submission of the funds.

4. As noted in the Trustee's Recommendation dated April 3, 2019, Form 122C-1 fails to disclose note income. The form **must** be amended to include **all** income for the 6 months prior to petition date.

5. America First Credit Union has filed an objection to the Amended Plan. The attorney for the Debtor must notify the Trustee if the objection has been resolved or, if the objection is unresolved, file the appropriate motion to get the Court to hold a hearing on the objection. If resolution of the objection changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

6. Priority creditor, the Arizona Department Of Revenue, filed an objection to the original plan. Though the amended plan revises treatment of the claim, the creditor's original objection is

- 2 -

deemed to apply to the amended plan pursuant to 11 U.S.C. § 1323(c) since the creditor has not withdrawn the objection. The creditor must sign the order confirming amended plan, or file a withdrawal of the objection to confirmation or an acceptance of the amended plan.

7. Both the Plan and the Amended Plan provide for the surrender of a 2010 GMC Sierra 1500 to Alphera Financial Services. Santander Consumer USA, servicer for UMB Bank, assignee of BMW Financial Services, has filed a secured proof of claim, #5, for the vehicle. Neither the master mailing list or Schedule D list Santander Consumer USA, UMB Bank or BMW Financial Services as a creditor. It appears that none of these affected creditors have been properly notified of the filing of the bankruptcy case. Debtor's counsel must serve a notice of filing Chapter 13 Plan on each of the creditors named on the proof of claim and include a notice regarding the Debtor's intent to surrender the 2010 GMC Sierra. The Debtor must also file a notice of objection deadline and allow the additional creditors sufficient time to file an objection to the Amended Plan.

8. The Trustee requires complete copies of the 2018 federal and state income tax returns, to include all schedules, statements and attachments.

9. Debtor has a domestic support obligation. Pursuant to 11 U.S.C. § 1325(a)(8), the order confirming plan must state: "The debtor has paid all amounts that are required to be paid under a domestic support obligation and that first became payable after the date of the filing of the petition." Moreover, with the proposed order confirming plan, the Trustee requires that the Debtor give the Trustee verification of being current in post-petition DSO payments.

10. Other requirements:

The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to Cheryl Turner, case administrator in the Trustee's office.

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(C) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(D) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(E) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(F) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(G) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2018 - 2022 federal and state income tax returns, including all attachments, forms, schedules and statements, within 14 days of filing them.

(H) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(I) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan.

**Plan payment status**: The Debtor's interim payments of $1,600.00 each are current through due date March 11, 2019. A payment moratorium has been requested through August 2019. Payments of $2,200.00 are scheduled to begin September 11, 2019.

**Pursuant to Local Rule 2084-10(b), the Debtor must provide the following by July 29, 2019, or the Trustee will file a notice of intent to lodge an order dismissing the case:**

(a) All information and documents as requested in Items #2 through #9 above.

SUMMARY: Pursuant to Local Rule 2084-10(b), Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming first amended plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.



2019.06.28
14:30:02 -07'00'

1 | Copy mailed or emailed to:

2 | DUSTIN J. HAMBY
3 | 11217 WEST JOMAX ROAD
PEORIA, AZ 85383

5 | FINANCIAL LAW, LLC
1613 CHELSEA ROAD
6 | SUITE 361
SAN MARINO, CA  91108

8 | LEONARD V. SOMINSKY
2700 NORTH 3RD STREET, STE.2006
9 | PHOENIX, AZ 85004

Cheryl Turner
2019.06.28 14:58:25 -07'00'

*cturner@ch13bk.com*