Rachel E. Flinn #027000
3838 N. Central Ave., Ste. 800
Phoenix, Arizona 85012
(602) 277-8996
(602) 253-8346, facsimile
Attorney for Russell Brown, Chapter 13 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re:

DUSTIN J HAMBY,

Debtor.

Chapter 13 Proceedings

Case No. 2:18-bk-15100-MCW

**APPLICATION BY TRUSTEE FOR APPROVAL OF SETTLEMENT OF BREACH OF CONTRACT CLAIM AND TO PAY FEES OF SPECIAL COUNSEL**

Russell Brown, Chapter 13 Trustee in the above captioned matter, by and through counsel undersigned, pursuant to Bankruptcy Rule 9019, hereby applies to this Court for authorization to settle the Debtor's breach of contract claim. .

In support of this Application, Trustee states as follows:

1. On or about December 1, 2017, the Debtor entered into a promissory note and security agreement with Elite Sales & Marketing Group. On or about, January 10, 2018, the Debtor alleges that Elite Sales & Marketing Group breached the promissory note by failing to remit the agreed upon installment payments.

2. On or about December 12, 2018, the Debtor filed for relief under Chapter 13 of the Bankruptcy Code.

3. On or about August 6, 2019, Debtor executed a fee agreement, whereby Debtor agreed to employ Matt Palmer, of Matt Palmer Law Firm, PLC, to represent him in the breach of contract claim on a contingency fee basis. The contingent fee agreement is attached hereto. By signing the fee agreement, the Debtor agreed to employ Matt Palmer to represent him in the matter on a contingency fee basis of forty percent (40 %) of any gross amount of cash or property recovered, plus costs and expenses

1

4. On August 16, 2019, counsel undersigned filed the Application to Appoint Special Counsel for Trustee ("The Application"), (docket #66) along with the Notice of Bar Date and Certificate of Service (docket #68).

5. On September 4, 2019, Debtor's ex-wife, Courtney Hamby filed an objection to the Application (docket #71).

6. On September 30, 2019, the Court held a hearing on the Application and objection thereto.

7. The Court granted the Application but reserved the authority to review any potential settlement and award for attorney fees. In addition, the Court did not rule on Ms. Hamby's right to the recovery of any proceeds (docket #85).

8. Given the prior Court's ruling on the underlying Application, if Ms. Hamby disagrees with the terms of the above captioned Application to Approve Settlement, Ms. Hamby must file an objection within the time period specified in the Notice of Bar Date, which will be filed concurrently with this Application.

9. The Debtor, Elite Marketing, and the Trustee have reached an agreement to settle the breach of contract claim in the amount of $240,000.00 to be paid in monthly installments over the period of 60 months.

10. Matt Palmer, special counsel, has agreed to reduce the contingency fee charged in this matter to 25% of all amounts recovered by special counsel, plus costs. Pursuant to the settlement agreement, special counsel is set to receive $60,000.00, plus costs of $0.00.

11. Pursuant to the terms of the settlement, beginning on January 25, 2020, Elite Marketing will remit to the Trustee monthly payments in the amount of $4,000.00. Payments will be due on or before the 25th of each month for 60 months.

12. Based on the foregoing, after completion of the 60 monthly settlement payments, the Debtor's Chapter 13 bankruptcy estate will realize $180,000.00.

| | |
|---|---|
| **Total Gross Recovery** | $240,000.00 |
| **Less:** | |
|     **Fees of Special Counsel** | $60,000.00 |
| **Net Recovery to Estate** | $180,000.00 |

13. Bankruptcy courts have broad discretion in approving settlement agreements. *In re Woodson* 839 F.2d 610, 620 (9th Cir. 1988). When deciding whether a settlement is fair and equitable, the Court should consider the following four factors: (1) the probability of success in litigation; (2) the difficulties to be encountered in collection; (3) the complexity of the litigation involved as well as the cost, inconvenience and delay that further litigation would entail; and (4) the paramount interest of creditors and proper deference to their reasonable views. *Id.*

14. If the case proceeded to trial, the costs of continued litigation would exceed the benefit to the estate. In addition, the Trustee asserts that any further litigation would result in an unreasonable delay in the distribution of the settlement proceeds to unsecured creditors.

15. Based on the foregoing, the Trustee believes that the settlement is fair and equitable and further litigation will not appreciably advance the interests of justice. At this time, it is in the best interest of the estate and its unsecured creditors that this settlement agreement be approved.

**WHEREFORE**, the Trustee requests that, pursuant to Arizona Local Rule 9013-1(k), the Court approve the settlement of the breach of contract claim and payment of fees to special counsel, and that the Trustee retain the combined net recovery of $180,000.00, which shall be treated as a supplemental plan payment and paid first to allowed unsecured priority creditors and second to allowed unsecured non-priority creditors, after deductions for the trustee percentage fee. In addition, the Trustee requests that he be authorized to immediately disburse special counsel's 25% fee on a monthly basis from all payments attributable to the settlement, after deductions for the trustee percentage fee.

Rachel Flinn
Russell Brown, Chapter 13 Trustee; 3838 N. Central Ave., Ste. 800, Phoenix, AZ 85012
2020.01.16 14:25:33 -07'00'

Rachel E. Flinn, Esq.  ABN 027000
Staff Attorney for Chapter 13 Trustee
*Rflinn@ch13bk.com*

Copy of the foregoing mailed or emailed to the following parties on the date of the electronic signature affixed hereto:

MATT PALMER, ESQ.
MATT PALMER LAW FIRM, PLC
matt@palmer.legal
(Proposed Special Counsel)


LEONARD V. SOMINSKY
LEONARD V. SOMINSKY, ESQ., PC
INFO@LVSLAW.NET
(Debtor's Bankruptcy Attorney)


Elizabeth C. Amorosi, Esq.
OFFICE OF THE UNITED STATES TRUSTEE
Elizabeth.C.Amorosi@usdoj.gov

COURTNEY HAMBY
1707 W YEARLING RD
PHOENIX, AZ 85085
(Creditor)

R. Fl—

Rachel Flinn
Russell Brown, Chapter 13 Trustee; 3838 N. Central Ave., Ste. 800, Phoenix, AZ 85012
2020.01.16 14:25:43 -07'00'

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made as of January ___, 2020 by and between Dustin Hamby ("Mr. Hamby") and Elite Sales and Marketing Group, Inc. ("Elite"). The aforementioned Mr. Hamby and Elite are hereinafter collectively referred to as the "Parties."

### RECITALS AND WARRANTIES

A. On or about December 1, 2017, Mr. Hamby and Elite entered into a Stock Purchase Agreement ("SPA") wherein Mr. Hamby agreed to sell to Elite five-thousand (5,000) shares of capital stock of Elite, for an aggregate purchase price of $653,165.35.

B. In connection with the SPA, Elite executed a Promissory Note ("Note") in the amount of $653,165.35 with a maturity date of December 21, 2022 and a related Security Agreement ("Security Agreement").

C. Prior to the sale the Mr. Hamby was the corporate officer of Elite responsible for Elite's administration including tax reporting and payment.

D. Subsequent to the sale, Elite became aware of substantial tax reporting and liability exposure that it was not aware of at the time of the valuation of the stock sold by Mr. Hamby to Elite, and consequently a dispute arose between Elite and Mr. Hamby regarding knowledge of, and responsibility for, the tax reporting and liability exposures and the effect of the same on the value of the stock.

E. Elite's net income suffered substantially from these newly discovered tax liabilities and consequently its ability to service debt, including the Note suffered and Elite began to miss payments on the Note.

F. Elite undertook a separate liquidation analysis of its assets and identified a liquidation value of its assets in an amount less than $30,000 in any prospective Chapter 7 or Chapter 11 proceeding.

G. On December 12, 2018, Mr. Hamby filed a Chapter 13 bankruptcy petition with the Bankruptcy Court for the District of Arizona, Case No. 2:18-bk-15100-MCW ("Case").

H. Debtor hereby warrants that he is the current holder of the Note and that the Note was not assigned or otherwise conveyed or transferred to any third party. On or about March 20, 2019, Mr. Hamby retained Financial Law, LLC as collectors to attempt to collect on this debt. Mr. Hamby's agreement with Financial Law, LLC would have automatically ended on September 20, 2019, however this agreement was signed after the initiation of Mr. Hamby's aforementioned bankruptcy matter and is, therefore, void. The note is property of the bankruptcy estate. In consideration of the foregoing recitals and warranties, each of which is true and is incorporated into and made an integral part of this Agreement, and the terms and conditions hereinafter set forth, the Parties hereby agree as follows:

### SETTLEMENT

1. The Note and Security Agreement shall be released, terminated and otherwise cancelled upon entry into this Agreement. Mr. Hamby shall deliver said Note to Elite for

physical disposition. Any monetary obligation owing or remaining on the SPA shall be released or otherwise deemed satisfied upon entry into this Agreement.

2. Elite shall pay Mr. Hamby a total of $240,000.00 in even monthly installments of $4,000 over 60 months ("Settlement Payments"). The Settlement Payments are secured by a UCC lien on Elite's accounts receivables and bank accounts to be perfected by a UCC-1 Financing Statement reflecting the same and filed by Mr. Hamby with the appropriate Secretary of State.

3. Mr. Jeff Franco, principal of Elite, shall enter into a five year, non-compete agreement with Elite upon entry into the Settlement in a form substantially similar to those currently used by Elite with its sales force. Elite agrees to add a provision to the non-compete agreement that Mr. Hamby shall be a third-party beneficiary of the non-compete agreement between Jeff Franco and Elite, and Mr. Hamby may pursue any remedy available to Elite pursuant to the non-compete agreement. Elite will provide Mr. Hamby with a copy of the non-compete agreement within ten (10) days of the parties signing this agreement.

4. The Settlement Payments are to be paid starting on January 25, 2020 and by the 25th day of each ensuing month directly to the Chapter 13 Trustee, Russell Brown, at 3838 North Central Avenue, Suite 800, Phoenix, Arizona 85012. Payments will be made to the Chapter 13 Trustee as long as the Case in in place, but if it is dismissed or otherwise terminated, payments will be paid directly to Mr. Hamby. Mr. Hamby has the duty to inform Elite if the Case is dismissed or otherwise terminated so payments may be redirected accordingly.

5. Hamby's Release: Except for the obligations contained in this Agreement, Mr. Hamby, on behalf of himself, shall release and discharge Elite and their respective successors and assigns, officers, directors, agents, from any and all actual or potential claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys' fees, liabilities, and indemnities, whether known or unknown, suspected or unsuspected.

6. Elite's Release: Except for the obligations contained in this Agreement, Elite on behalf of itself, shall release and discharge Mr. Hamby and any of his affiliates, and their respective successors and assigns, officers, directors, agents, employees, representatives and attorneys, from any and all actual or potential claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys' fees, liabilities, and indemnities, whether known or unknown, suspected or unsuspected.

7. The Parties hereby acknowledge that they have been represented by independent legal counsel of their own choice throughout all negotiations which preceded the execution of this Agreement, and they have executed this Agreement after receiving the advice of such independent legal counsel without reliance upon any promise or representation of any person or persons acting for or on behalf of the other Parties except as expressly set forth in this Agreement. The Parties further acknowledge that they or their counsel have had adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution of this Agreement. Counsel for each Party has read and approved the language of this Agreement.

8. Any and all rights and obligations under this Agreement shall survive any release(s) by or between the Parties.

9. The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any of the Parties.

10. This Agreement may be executed in counterparts which, taken together, shall constitute one and the same agreement and shall be effective as of the date first written above. A facsimile signature shall be deemed an original.

11. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior negotiations and agreements, written or oral. This Agreement may not be altered or amended except by an instrument in writing executed by all of the Parties hereto.

12. Should any provision of this Agreement be held by any court of competent jurisdiction to be illegal, invalid, or unenforceable for any reason, then the remaining portions of this Agreement will nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties.

13. Either the Arizona Bankruptcy Court or the Arizona Superior Court shall have jurisdiction over the interpretation and enforcement of this Agreement.

14. The undersigned hereby certify that they have read this entire Agreement and fully understand it, and agree to its terms and to be bound by it.

15. As long as Mr. Hamby is in a bankruptcy proceeding, this Agreement is subject to approval by the supervising bankruptcy court.

Agreed to by:

ELITE SALES AND MARKETING GROUP, INC.

By: _____   Date: _____

Its: _____

DUSTIN HAMBY

By: _____[signature]_____ 1/2/2020

Agreed to by:

ELITE SALES AND MARKETING GROUP, INC.

By: _____  Date: 01·06·2020

Its: Pres

DUSTIN HAMBY

By: _____  Date: _____

Page 4 of 4