| | |
|---|---|
| 1 | Patrick T. Derksen (State Bar I.D. No. 023178) |
| | Theodore P. Witthoft (State Bar I.D. No. 021632) |
| 2 | **WITTHOFT DERKSEN, P.C.** |
| | 3550 North Central Avenue, Suite 1006 |
| 3 | Phoenix, Arizona 85012 |
| | Telephone: (602) 680-7332 |
| 4 | Facsimile: (602) 357-7476 |
| | Email: pderksen@wdlawpc.com |
| 5 | Email: twitthoft@wdlawpc.com |
| 6 | Attorneys for Trustee, Jill H. Ford |

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DUSTIN J. HAMBY, | ) | Case No. 2:18-bk-15100-MCW |
| | ) | |
| Debtor. | ) | |
| | ) | **MOTION TO APPROVE SETTLEMENT, PURSUANT TO FED. R. BANKR. P. 9019** |
| | ) | |

The Chapter 7 trustee, Jill H. Ford ("Trustee"), through her attorneys, Witthoft Derksen, P.C., submits this Motion ("Motion") to approve the *Amendment to Settlement Agreement and Release* (the "Amendment") between the Trustee and Elite Sales and Marketing Group, Inc. ("Elite"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure. A copy of the Amendment is attached hereto as **Exhibit A** and incorporated herein by this reference. This Motion is supported by the accompanying Memorandum of Points and Authorities, the attached Exhibit and the entire record before the Court, all of which are incorporated herein by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES
## BACKGROUND

1. On December 12, 2018 (the "Petition Date"), Dustin J. Hamby ("Debtor") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.

2. This case was converted to chapter 7 on April 17, 2020 (the "Conversion Date").

3. Ms. Ford is the duly appointed chapter 7 trustee of Debtor's bankruptcy case.

4. Prior to the Petition Date, Elite (as Borrower) and Debtor (as Lender) entered into a *Promissory Note and Security Agreement* dated December 1, 2017 (the "Promissory Note"), pursuant to which Elite agreed to pay Debtor the principal amount of $653,165.35.

5. On or about January 10, 2018, Debtor alleged that Elite breached its obligations under the Promissory Note by failing to remit the required payments due pursuant to the Promissory Note (the "Breach of Contract Claim"). Elite asserted various defenses to the Breach of Contract Claim.

6. Because they were entered into or arose prior to the Petition Date, Debtor's rights under the Promissory Note and the Breach of Contract Claim constitute property of the estate, pursuant to 11 U.S.C. § 541, and all rights thereto are now vested in the Trustee.

7. After the Petition Date, the chapter 13 trustee of the Debtor's bankruptcy estate, Debtor and Elite entered into a settlement regarding the Promissory Note and Breach of Contract Claim, the terms of which are set forth in the Motion filed in the Bankruptcy Case on January 16, 2020 at Docket No. 101 (the "Settlement Motion"), including the *Settlement Agreement and Release* attached to the Settlement Motion.

8. The Settlement Motion was approved pursuant to the Order entered in the Bankruptcy Case on February 13, 2020 at Docket No. 107 (the "Settlement Order").

9. Pursuant to the Settlement Order, Elite is obligated to pay $240,000.00 (the "Settlement Amount") to the estate in monthly installments of $4,000.00 per month (each, a "Monthly Installment") for a period of sixty (60) months.

10. The first Monthly Installment was due on January 25, 2020 and a Monthly Installment is due on the 25th day of each calendar month thereafter, to and including December 25, 2024, at which time the Settlement Amount is to be paid in full.

11. Elite has paid $12,000.00 of the Settlement Amount, which is comprised of the Monthly Installments that were due on January 25, 2020, February 25, 2020 and March 25, 2020. The unpaid balance of the Settlement Amount is $228,000.00.

12. Elite asserts that, as a result of the COVID-19 pandemic and the imposed mandatory shutdowns caused thereby: (a) 80% of Elite's customers suspended utilizing Elite's services, reducing Elite's revenues; (b) the reduced revenues of Elite have prevented Elite from making the required payments of the Settlement Amount; (c) Elite obtained a valuation which estimates that the liquidation value of Elite is less than $30,000.00; and (d) Elite is considering, among other things, a liquidation or filing its own bankruptcy.

13. Prior to the Conversion Date, Debtor and Elite agreed to defer payment of the Monthly Installments that were due on April 25, 2020 and May 25, 2020 in the total amount of $8,000.00, with payment of the Monthly Installments to resume on June 25, 2020. Elite further asserts that: (a) the continuing economic impact of the COVID-19 pandemic prevented Elite from paying the Monthly Installment due on June 25, 2020; and (b) in order to pay the balance of the Settlement Amount due ($228,000.00), it is necessary to revise the schedule for payment of the Settlement Amount.

14. The Trustee and Elite have determined that it is in their best interests to avoid the cost and uncertainty of further litigation and the difficulties of collection and wish to modify the terms of the settlement set forth in the Settlement Motion and the Settlement Order on the terms and conditions set forth in the Amendment.

**TERMS AND CONDITIONS OF SETTLEMENT**

15. Elite shall pay the $228,000.00 unpaid balance of the Settlement Amount to the estate as follows:

a. Elite shall pay $2,000.00 per month commencing on July 25, 2020 and on the 25th day of each calendar month thereafter, to and including December 25, 2020;

b. Elite shall pay $4,000.00 per month commencing on January 25, 2021 and on the 25th day of each calendar month thereafter, to and including March 25, 2025; and

c. Elite shall pay the remaining $12,000.00 balance of the Settlement Amount on or before March 25, 2025, at which time the Settlement Amount shall be paid in full.

d. Each remaining payment of the Settlement Amount shall be paid in the form of a check in good funds made payable to "Jill H. Ford, Trustee" and delivered to the Trustee's office at P.O. Box 5845, Carefree, Arizona 85377, on or before the date due.

16. Upon the entry of the of the Bankruptcy Court's final, non-appealable order approving this Motion, the remaining balance of the Settlement Amount ($228,000.00) shall be deemed unencumbered property of the bankruptcy estate, pursuant to 11 U.S.C. § 541, free and clear of all liens, claims and interests of any other party.

17. Elite represents and warrants that: (a) Elite has the right, power, capacity and authority to enter into the Amendment; and (b) Elite believes that its business and Elite's financial capability will improve, so that it will have sufficient funds to pay the remaining balance of the Settlement Amount on the terms set forth in the Amendment. Elite further acknowledges that the Trustee has relied upon the truth and accuracy of the foregoing representations in entering into the Amendment.

18. The Trustee shall be authorized to execute any documents and take such further actions as are reasonably necessary to effect the settlement contemplated by this Motion.

19. The settlement set forth in this Motion is subject to Bankruptcy Court approval, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

/ / /

/ / /

## LEGAL ANALYSIS

20. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that, after notice and a hearing, the court may approve a compromise or settlement.

21. In evaluating a compromise or settlement, the Ninth Circuit requires that this Court consider the following: (a) the probability of success in the pending litigation; (b) difficulties of collection; (c) the complexity of the litigation; (d) the expense, inconvenience and delay of the litigation; and (e) the best interests of creditors. *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988). See also *In re Schmitt*, 215 B.R. 417, 420 (9th Cir. B.A.P. 1997) (the bankruptcy court's decision to approve a settlement should not be overturned as an abuse of discretion unless it leads to a result that is "neither in the best interests of the estate nor fair and equitable for the creditors."); and *In re America West Airlines, Inc.*, 214 B.R. 382, 386 (Bankr.D.Ariz. 1997) ("the law favors compromise").

22. In light of the *Woodson* factors, the Trustee believes that the settlement as set forth in this Motion is in the best interests of the estate. Elite's asserted financial condition demonstrates that the probability of success and difficulties of collection weigh in favor of the contemplated settlement. In addition, the expense, inconvenience and delay of pursuing collections weigh in favor of the contemplated settlement when compared to the relatively short delay in collecting the balance of the Settlement Amount. Given that the settlement provides for payment of the amounts otherwise due to the estate, the contemplated settlement is in the best interests of creditors because it provides for payment of the amounts due without further costs of litigation or collection to the estate, thereby maximizing the return to the estate and its creditors.

23. Pursuant to Local Bankruptcy Rule 9013-1, the Trustee requests that the Court utilize a "negative notice" procedure in which interested parties have a twenty one (21) day period to file objections to this Motion. If no objections are filed, the Trustee would then be authorized to lodge an order approving this Motion. If an objection is filed, the Trustee will request a hearing be held before the Court.

## CONCLUSION

WHEREFORE, based upon the foregoing, the Trustee respectfully requests this Court enter its Order, pursuant to Bankruptcy Rule 9019, approving this Motion upon utilization of a "negative notice" procedure in which interested parties have a twenty one (21) day period to file objections.

Respectfully submitted this 31st day of July, 2020.

**WITTHOFT DERKSEN, P.C.**

By /s/ Patrick T. Derksen         #023178
   Patrick T. Derksen
   Attorneys for Trustee, Jill H. Ford

| | |
|---|---|
| 1 | COPIES of the foregoing were served July 31, 2020 via the Court's CM/ECF Notification System on all parties that requested notice in this case; |
| 2 | and COPIES were *e-mailed/mailed to the following parties: |
| 3 | *Larry Watson |
| 4 | United States Trustee<br>230 North First Avenue, Suite 204 |
| 5 | Phoenix, Arizona 85003-1706<br>Larry.Watson@usdoj.gov |
| 6 | *Jill H. Ford |
| 7 | P.O. Box 5845<br>Carefree, Arizona 85377 |
| 8 | Chapter 7 Trustee<br>jford@trustee.phxcoxmail.com |
| 9 | Dustin J. Hamby |
| 10 | 11217 W. Jomax Rd.<br>Peoria, AZ 85383 |
| 11 | Debtor |
| 12 | *Leonard V. Sominsky<br>Leonard V. Sominsky, Esq., PC. |
| 13 | 2700 N. 3rd Street, Suite 2006<br>Phoenix, AZ 85004 |
| 14 | INFO@LVSLAW.NET<br>Attorneys for Debtor |
| 15 | *Mark J. Giunta |
| 16 | Law Office of Mark J. Giunta<br>531 East Thomas Road, Suite 200 |
| 17 | Phoenix, Arizona 85012<br>markgiunta@giuntalaw.com |
| 18 | Attorneys for Elite Sales & Marketing Inc. |
| 19 | Courtney Hamby<br>1707 W. Yearling Rd. |
| 20 | Phoenix, AZ 85085 |
| 21 | Matt Palmer<br>Matt Palmer Law Firm, PLC |
| 22 | 1423 S. Higley Road #112<br>Mesa, AZ 85206 |
| 23 | matt@palmer.legal<br>*(served via e-mail and U.S. Mail)* |
| 24 | |
| 25 | /s/ Laura Simonini |
| 26 | |

# Exhibit A

# AMENDMENT TO SETTLEMENT AGREEMENT AND RELEASE

This Amendment to Settlement Agreement and Release ("Amendment") is entered into as of July __, 2020 between Jill H. Ford, the Chapter 7 Trustee for the Bankruptcy Estate of Dustin J. Hamby ("Trustee" or "Ms. Ford") and Elite Sales and Marketing Group, Inc. ("Elite"). The Trustee and Elite are collectively referred to hereinafter as the "Parties" and, individually, as "Party".

I. **Recitals**

I.1 On December 12, 2018 (the "Petition Date"), Dustin J. Hamby ("Debtor") filed a voluntary chapter 13 bankruptcy in the United States Bankruptcy Court for the District of Arizona (the "Bankruptcy Court") at Case No. 2:18-bk-15100-MCW (the "Bankruptcy Case"). Debtor's Bankruptcy Case was converted to chapter 7 on April 17, 2020 (the "Conversion Date"). Ms. Ford is the appointed chapter 7 trustee for the bankruptcy estate of Debtor (the "Bankruptcy Estate" or the "Estate").

I.2 Prior to the Petition Date, Elite (as Borrower) and Debtor (as Lender) entered into a *Promissory Note and Security Agreement* dated December 1, 2017 (the "Promissory Note"), pursuant to which Elite agreed to pay Debtor the principal amount of $653,165.35. On or about January 10, 2018, Debtor alleged that Elite breached its obligations under the Promissory Note by failing to remit the required payments due pursuant to the Promissory Note (the "Breach of Contract Claim"). Elite asserted various defenses to the Breach of Contract Claim. Because they were entered into or arose prior to the Petition Date, Debtor's rights under the Promissory Note and the Breach of Contract Claim constitute property of the Estate, pursuant to 11 U.S.C. § 541, and all rights thereto are now vested in the Trustee.

I.3 After the Petition Date, the chapter 13 trustee of the Bankruptcy Estate, Debtor and Elite entered into a settlement regarding the Promissory Note and Breach of Contract Claim, the terms of which are set forth in the Motion filed in the Bankruptcy Case on January 16, 2020 at Docket No. 101 (the "Settlement Motion"), including the *Settlement Agreement and Release* attached to the Settlement Motion. The Settlement Motion was approved pursuant to the Order entered in the Bankruptcy Case on February 13, 2020 at Docket No. 107 (the "Settlement Order").

I.4 Pursuant to the Settlement Order, Elite is obligated to pay $240,000.00 (the "Settlement Amount") to the Estate in monthly installments of $4,000.00 per month (each, a "Monthly Installment") for a period of sixty (60) months. The first Monthly Installment was due on January 25, 2020 and a Monthly Installment is due on the 25th day of each calendar month thereafter, to and including December 25, 2024, at which time the Settlement Amount is to be paid in full.

I.5 Elite has paid $12,000.00 of the Settlement Amount, which is comprised of the Monthly Installments that were due on January 25, 2020, February 25, 2020 and March 25, 2020. The unpaid balance of the Settlement Amount is $228,000.00.

1

I.6     Elite asserts that, as a result of the COVID-19 pandemic and the imposed mandatory shutdowns caused thereby: (a) 80% of Elite's customers suspended utilizing Elite's services, reducing Elite's revenues; (b) the reduced revenues of Elite have prevented Elite from making the required payments of the Settlement Amount; (c) Elite obtained a valuation which estimates that the liquidation value of Elite is less than $30,000.00; and (d) Elite is considering, among other things, a liquidation or filing its own bankruptcy.

I.7     Prior to the Conversion Date, Debtor and Elite agreed to defer payment of the Monthly Installments that were due on April 25, 2020 and May 25, 2020 in the total amount of $8,000.00, with payment of the Monthly Installments to resume on June 25, 2020. Elite further asserts that: (a) the continuing economic impact of the COVID-19 pandemic prevented Elite from paying the Monthly Installment due on June 25, 2020; and (b) in order to pay the balance of the Settlement Amount due ($228,000.00), it is necessary to revise the schedule for payment of the Settlement Amount.

I.8     After good-faith negotiation, the Parties have determined that it is in their best interests to avoid the cost and uncertainty of further litigation and the difficulties of collection and the Parties wish to modify the terms of the settlement set forth in the Settlement Motion and the Settlement Order on the terms and conditions set forth in this Amendment.

## II.     Settlement Terms

In consideration of the mutual covenants and conditions contained herein, the Parties agree as follows:

II.1    Incorporation of Recitals.  The Parties hereby agree and acknowledge that the Recitals set forth herein above are true and correct, and are hereby fully incorporated into this Amendment in their entirety as if specifically set forth in the body of this Amendment

II.2    Bankruptcy Court Approval.  This Amendment is conditioned upon and effective only with the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019.  If the Bankruptcy Court does not approve this Amendment, it shall be null and void, and may not be used for any other purpose. Following the execution of this Amendment by Elite, the Trustee will file a motion with the Bankruptcy Court for approval of this Amendment.

II.3    Revised Payments.  Elite shall pay the $228,000.00 unpaid balance of the Settlement Amount to the Estate as follows:

II.3.1  Elite shall pay $2,000.00 per month commencing on July 25, 2020 and on the 25th day of each calendar month thereafter, to and including December 25, 2020;

II.3.2  Elite shall pay $4,000.00 per month commencing on January 25, 2021 and on the 25th day of each calendar month thereafter, to and including March 25, 2025; and

II.3.3  Elite shall pay the remaining $12,000.00 balance of the Settlement Amount on or before March 25, 2025, at which time the Settlement Amount shall be paid in full.

II.3.4  Each remaining payment of the Settlement Amount shall be paid in the form of a check in good funds made payable to "Jill H. Ford, Trustee" and delivered to the Trustee's office at P.O. Box 5845 Carefree, Arizona 85377 on or before the date due.

II.4  <u>Property of the Estate</u>.  Upon the entry of the of the Bankruptcy Court's final, non-appealable order approving the settlement contemplated by this Amendment, the remaining balance of the Settlement Amount ($228,000.00) shall be deemed unencumbered property of the Bankruptcy Estate, pursuant to 11 U.S.C. § 541, free and clear of all liens, claims and interests of any other party.

II.5  <u>Representations</u>.  Elite represents and warrants that: (a) Elite has the right, power, capacity and authority to enter into this Amendment; and (b) Elite believes that its business and Elite's financial capability will improve, so that it will have sufficient funds to pay the remaining balance of the Settlement Amount on the terms set forth in this Amendment. Elite further acknowledges that the Trustee has relied upon the truth and accuracy of the foregoing representations in entering into this Amendment.

**III.  General Provisions**

III.1  <u>Attorneys' Fees</u>.  Each Party shall be responsible for the payment of their own costs and fees and all other expenses incurred in connection with this Amendment. If any Party commences an action against the other Party to enforce or interpret any of the terms of this Amendment, the losing or defaulting Party shall pay to the prevailing Party, as determined by the court, all costs and expenses, including reasonable attorneys' fees incurred in connection with the prosecution or defense of such action.

III.2  <u>Further Assurances</u>.  The Parties to this Amendment shall execute any further or additional instruments, and they shall perform any acts which may become necessary, in order to effectuate and carry out the purposes hereof.

III.3  <u>Opportunity to Consult with Counsel</u>.  The Parties acknowledge that they have had the opportunity to consult with and obtain the advice of counsel prior to entering this Amendment, and have entered this Amendment voluntarily and free from coercion, distress or undue influence.

III.4  <u>Governing Law; Venue; Construction</u>.  This Amendment shall be governed by and construed in accordance with the substantive laws of the State of Arizona, except to the extent pre-empted by federal law, and without reference to Arizona choice-of-law provisions. Any action at law, suit in equity or judicial proceeding for the enforcement of this Amendment or any provision thereof shall be instituted in the United States Bankruptcy Court for the District of Arizona. Whenever the singular number is used herein, the same shall include the plural; and the neuter, masculine and feminine genders shall include each other. Time is of the essence in the performance of this Amendment. For purposes of this Amendment, the term "business day" (whether such term is capitalized or not) means a day other than a Saturday, Sunday or a legal holiday as recognized in the State of Arizona. Article, section and paragraph headings are inserted for convenience only and are in no way intended to alter, modify, limit, expand or

otherwise affect the meaning of any provision of this Amendment. This Amendment shall be interpreted fairly in light of the intentions of the Parties as set forth in this Amendment. The Parties each hereby waive the benefit of any rule or law or statute requiring that ambiguities be interpreted against the Party preparing the Amendment or causing the ambiguity.

      III.5    <u>Severability</u>. Should any portion of this Amendment be ruled unenforceable or invalid, such ruling shall not affect the enforceability or validity of the remaining Amendment. If any portion of this Amendment is void or deemed unenforceable for any reason, the void or unenforceable portion shall be deemed severed from the remaining portions of this Amendment, which shall otherwise remain in full force and effect as if this Amendment did not contain the provision held to be void or unenforceable.

      III.6    <u>Waiver</u>. No waiver of satisfaction of a condition or nonperformance of an obligation under this Amendment will be effective unless it is in writing and signed by the party granting the waiver and no such waiver will constitute a waiver of satisfaction of any other condition or nonperformance of any other obligation.

      III.7    <u>Counterparts</u>. This Amendment may be signed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

      IN WITNESS WHEREOF, the parties have executed this Amendment as of the date set forth above.

**ELITE:**
ELITE SALES AND MARKETING GROUP, INC.,
an Arizona corporation

_____
Jeffrey Franco, President and CEO

**TRUSTEE:**


_____
Jill H. Ford, solely in her capacity as chapter 7
bankruptcy trustee of the Dustin J. Hamby
bankruptcy estate, Case No. 2:18-bk-15100-MCW

4

Case 2:18-bk-15100-MCW    Doc 129    Filed 07/31/20    Entered 07/31/20 08:16:12    Desc
Main Document    Page 12 of 12