Patrick T. Derksen (State Bar I.D. No. 023178)
**WITTHOFT DERKSEN, P.C.**
3550 North Central Avenue, Suite 1006
Phoenix, Arizona 85012
Telephone: (602) 680-7332
Facsimile: (602) 357-7476
Email: pderksen@wdlawpc.com

Attorneys for Trustee, Jill H. Ford

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| DUSTIN J. HAMBY, | Case No. 2:18-bk-15100-MCW |
| Debtor. | **TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, PURSUANT TO 11 U.S.C. § 363** <br><br> **(Unpaid Balance of Settlement Amount Due From Elite Sales and Marketing Group, Inc.)** |

   The chapter 7 trustee, Jill H. Ford, ("Trustee"), through her attorneys, Witthoft Derksen, P.C., requests the Court enter its Order authorizing the sale of certain assets of the estate, free and clear of liens, claims and interests, pursuant to 11 U.S.C. §§ 363(b) and (f). The estate property is the unpaid balance of a settlement amount to be paid by Elite Sales and Marketing Group, Inc. from and after January 25, 2022 (the "Unpaid Settlement Amount"). JM Partners LLC has submitted an offer to purchase the Unpaid Settlement Amount for $19,200.00. This Motion is supported by the accompanying Memorandum of Points and Authorities, the attached Exhibits and the entire record before the Court, all of which are incorporated herein by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to hear the Motion pursuant to 28 U.S.C. §§157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.  This Motion is a core proceeding pursuant to 28 U.S.C. §§157(b)(2).  The statutory predicates for the relief requested herein are Sections 105 and 363 of the United States Bankruptcy Code, Bankruptcy Rule 6004 and Local Bankruptcy Rule 6004-1.  The Trustee consents to the entry of a final order by this Court in connection with this Motion.

## FACTUAL BACKGROUND

2.     Dustin J. Hamby ("Debtor") filed a voluntary bankruptcy petition under chapter 13 of the United States Bankruptcy Code on December 12, 2018 ("Petition Date").

3.     This case was converted to chapter 7 on April 17, 2020 (the "Conversion Date").

4.     Ms. Ford is the duly appointed chapter 7 trustee of Debtor's bankruptcy case.

5.     Debtor previously owned one hundred percent of the shares of Elite Sales and Marketing Group, Inc. ("Elite") as Debtor's sole and separate property, pursuant to a *Decree of Dissolution of a Non-Covenant Marriage With Minor Children* dated November 6, 2017 (the "Divorce Decree") entered in Maricopa County Superior Court, Case No. FC2015-071603. Relevant excerpts from the Divorce Decree are attached hereto as **Exhibit A** and incorporated herein by this reference.

6.     Pursuant to the Divorce Decree, Debtor's ex-spouse, Courtney Hamby ("Ms. Hamby"), has no interest in Elite.

7.     Prior to the Petition Date, Debtor sold his shares in Elite. As part of the sale transaction, Elite (as Borrower) and Debtor (as Lender) entered into a Promissory Note and Security Agreement dated December 1, 2017 (the "Promissory Note"), pursuant to which Elite agreed to pay Debtor the principal amount of $653,165.35.

8.      On or about January 10, 2018, Debtor alleged that Elite breached its obligations under the Promissory Note by failing to remit the required payments due pursuant to the Promissory Note (the "Breach of Contract Claim"). Elite asserted various defenses to the Breach of Contract Claim.

9.      Because they were entered into or arose prior to the Petition Date, Debtor's rights under the Promissory Note and the Breach of Contract Claim constitute property of the estate, pursuant to 11 U.S.C. § 541, and all rights thereto vested in the Trustee.

**The Original Settlement**

10.      After the Petition Date, the chapter 13 trustee of the Debtor's bankruptcy estate, Debtor and Elite entered into a settlement regarding the Promissory Note and Breach of Contract Claim, the terms of which are set forth in the Motion filed on January 16, 2020 at Docket No. 101 (the "First Settlement Motion"), including the *Settlement Agreement and Release* (the "Original Settlement Agreement") attached to the First Settlement Motion.

11.      The First Settlement Motion was approved pursuant to the Order entered on February 13, 2020 at Docket No. 107 (the "First Settlement Order").

12.      Pursuant to the First Settlement Order, Elite is obligated to pay $240,000.00 (the "Settlement Amount") to the estate.

13.      Payment of the Settlement Amount is secured pursuant to a UCC-1 Financing Statement filed with the Arizona Secretary of State on or about March 25, 2020, File Number 2020-001-6978-1 (the "UCC-1"). A copy of the UCC-1 is attached hereto as **Exhibit B** and incorporated herein by this reference.

14.      Initially, the Settlement Amount was to be paid in monthly installments of $4,000.00 per month for a period of sixty (60) months. The first $4,000.00 monthly installment was due on January 25, 2020 and a $4,000.00 monthly installment was due on the 25th day of each calendar month thereafter, to and including December 25, 2024, at which time the Settlement Amount was to be paid in full.

15.     Prior to the Conversion Date, Elite paid $12,000.00 of the Settlement Amount, which is comprised of the $4,000.00 monthly installments that were due on January 25, 2020, February 25, 2020 and March 25, 2020.

16.     As of the Conversion Date, the unpaid balance of the Settlement Amount was $228,000.00.

### The First Settlement Modification

17.     After the Conversion Date, the Trustee and Elite agreed to modify the schedule for payment of the remaining Settlement Amount pursuant to the *Motion to Approve Settlement, Pursuant to Fed. R. Bankr. P. 9019* filed on July 31, 2020 at Docket No. 129 (the "Second Settlement Motion"), including the *Amendment to Settlement Agreement and Release* (the "First Amendment") attached as Exhibit "A" to the Second Settlement Motion.

18.     The Second Settlement Motion was approved pursuant to the *Order Approving Motion to Approve Settlement, Pursuant to Fed. R. Bankr. P. 9019* entered on August 25, 2020 at Docket No. 144 (the "Second Settlement Order").

19.     Pursuant to the Second Settlement Order, Elite was obligated to pay the $228,000.00 balance of the Settlement Amount to the estate as follows: (a) $2,000.00 per month commencing on July 25, 2020 and on the 25th day of each calendar month thereafter, to and including December 25, 2020; (b) $4,000.00 per month commencing on January 25, 2021 and on the 25th day of each calendar month thereafter, to and including March 25, 2025; and (c) the remaining $12,000.00 balance of the Settlement Amount on or before March 25, 2025, at which time the Settlement Amount shall be paid in full.

### The Second Settlement Modification

20.     Subsequently, the Trustee and Elite agreed to further modify the schedule for payment of the remaining Settlement Amount pursuant to the *Motion to Approve Settlement, Pursuant to Fed. R. Bankr. P. 9019* filed on May 4, 2021 at Docket No. 150 (the "Third

Settlement Motion"), including the *Second Amendment to Settlement Agreement and Release* (the "Second Amendment") attached as Exhibit "A" to the Third Settlement Motion.

21.     The Third Settlement Motion was approved pursuant to the *Order Approving Motion to Approve Settlement, Pursuant to Fed. R. Bankr. P. 9019* entered on June 3, 2021 at Docket No. 155 (the "Third Settlement Order").

22.     Pursuant to the Third Settlement Order, Elite is obligated to pay the balance of the Settlement Amount to the estate as follows: (a) Elite shall pay $2,000.00 per month commencing on January 25, 2021 and on the 25th day of each calendar month thereafter, to and including December 25, 2021; (b) Elite shall pay $4,000.00 per month commencing on January 25, 2022 and on the 25th day of each calendar month thereafter, to and including March 25, 2025; and (c) Elite shall pay the remaining $24,000.00 balance of the Settlement Amount (i.e. the additional $24,000.00 deferred) on or before March 25, 2025, at which time the Settlement Amount shall be paid in full. After accounting for the additional $24,000.00 of deferred payments pursuant to the Third Settlement Order, $36,000.00 is the total amount of the balloon payment due on or before March 25, 2025.

**Additional Requested Settlement Modification**

23.     Elite has requested a subsequent modification to the schedule for payment of the Settlement Amount as follows: (a) Elite shall pay $2,000.00 per month commencing on January 25, 2022 and on the 25th day of each calendar month thereafter, to and including June 25, 2022; (b) Elite shall pay $4,000.00 per month commencing on July 25, 2022 and on the 25th day of each calendar month thereafter, to and including March 25, 2025; and (c) Elite shall pay the remaining $12,000.00 balance of the Settlement Amount (i.e. the additional $12,000.00 deferred) on or before March 25, 2025, at which time the Settlement Amount shall be paid in full.

24.     The additional $12,000.00 of deferred payments would be due as part of the balloon payment on or before March 25, 2025, at which time the Settlement Amount shall be

paid in full. After accounting for the additional $12,000.00 of deferred payments pursuant to Elite's additional request, $48,000.00 is the total amount of the balloon payment due on or before March 25, 2025.

## Description of the Property To Be Sold

25.     The Unpaid Settlement Amount is property of the bankruptcy estate, pursuant to 11 U.S.C. § 541.

26.     The Unpaid Settlement Amount is the $192,000.00 of the Settlement Amount to be paid by Elite from and after January 25, 2022. The Unpaid Settlement Amount is evidenced by the First Settlement Motion, the Original Settlement Agreement, First Settlement Order, the UCC-1, the Second Settlement Motion, the First Amendment, the Second Settlement Order, the Third Settlement Motion, the Second Amendment and the Third Settlement Order (collectively, the "Settlement Documents").

27.     $190,000.00 is the unpaid balance of the Settlement Amount as of the date of this Motion. A schedule of the Settlement Amount payments as of the date of this Motion is attached hereto as **Exhibit C** and incorporated herein by this reference (the "Payment Schedule").

28.     Debtor's ex-spouse, Ms. Hamby, asserts an interest in fifty percent (50%) of the Settlement Amount. *See*, Docket Nos. 71, 80, 81, 85.

29.     Debtor was awarded 100% of Elite pursuant to the Divorce Decree.

30.     Based upon a review of the docket and pleadings in this bankruptcy case, Ms. Hamby has not obtained stay relief from the Bankruptcy Court in order to modify the Divorce Decree.

31.     As a result, the Divorce Decree remains in full force and effect and Ms. Hamby has no interest in the Settlement Amount.

32.     Ms. Hamby's rights with respect to the Settlement Amount, if any, are still reserved.

33. The Trustee believes the Unpaid Settlement Amount is of consequential value and benefit to the estate, pursuant to 11 U.S.C. § 362(h)(2).

34. The Trustee desires to sell, and JM Partners LLC desires to purchase, the Unpaid Settlement Amount for $19,200.00, subject to higher and better offers, on the terms and conditions set forth in this Motion and as may be subsequently modified by the Court's Order approving this Motion, at the regularly scheduled bankruptcy trustee sale on February 25, 2022 at 8:30 a.m. ("Sale").

35. The Unpaid Settlement Amount will be sold "as is, where is" without any representations or warranties of any kind.

## TERMS OF SALE

### Time and Place of Sale

36. **February 25, 2022 at 8:30 a.m. (Phoenix time)**. The Sale will be conducted telephonically only. The Trustee will provide all parties in interest appropriate notice of the date and time of the Sale (the "Sale Notice"). Specific instructions for bidders to participate in the Sale will be detailed in the Sale Notice.

### Name or Representative's Name of the Prospective Buyer

37. JM Partners LLC.

### Whether the Prospective Buyer is an Insider

38. The prospective buyer (JM Partners LLC) is not an insider.

### Description of the Property or Interest to be Sold

39. The Unpaid Settlement Amount is described as the $192,000.00 of the Settlement Amount to be paid by Elite from and after January 25, 2022. The Unpaid Settlement Amount is evidenced by the Settlement Documents and related pleadings and documents. As of the date of this Motion, $190,000.00 is the unpaid balance of the Settlement Amount, according to the Payment Schedule attached hereto as **Exhibit C**.

**All Entities Known or Believed to Hold Interests in the Property to be Sold**

40.     As noted above, Ms. Hamby asserts an interest in fifty percent (50%) of the Settlement Amount, which is in bona fide dispute. Other than Ms. Hamby, the bankruptcy estate is the only entity known or believed to hold interests in the property to be sold.

41.     As also noted above, Ms. Hamby's rights appear to be reserved. To address this issue, the Trustee proposes that the sale proceeds realized by the estate be held in trust pending further order of the Court.

**If the Sale is Free and Clear of Liens, Claims or Interests; Description of Such Liens, Claims or Interests**

42.     The sale is free and clear of all liens, claims and interests. Other than the interest asserted by Ms. Hamby described herein, the Trustee is not aware of any liens or encumbrances against the Unpaid Settlement Amount.

**Terms and Conditions of the Offer**

43.     JM Partners LLC has submitted an offer to purchase the Unpaid Settlement Amount for $19,200.00, subject to higher and better offers at the Sale, on the terms and conditions set forth in this Motion and as may be subsequently modified by the Court's Order approving this Motion.

44.     Additional Terms. The additional terms of the offer are as follows:

a.  All Settlement Amount payments due as of December 15, 2021 are property of the estate, but all Settlement Amount payments due after December 15, 2021 are included in the sale (i.e. if the estate receives payments that become due after December 15, 2021, then such payments must be turned over to the buyer).

b.  JM Partners LLC requires a representation of the balance due at closing, which representation is solely in the Trustee's capacity as Trustee, but must be based upon research "to the best of the Trustee's ability," and provided along with the information regarding the last three payments made by Elite to the Trustee.

c. JM Partners LLC requires the Order approving the sale to contain language finding buyer to be an arm's length purchaser, and the transaction to have been conducted good-faith, and providing buyer with the protections offered by the code with respect to such status.

45. The Trustee may establish minimum bidding intervals at the Sale in the Trustee's discretion. Any higher and better offer to purchase the Unpaid Settlement Amount shall be on the same terms as the current offer from JM Partners LLC, as modified by this Motion, and as may be subsequently modified by the Court's Order approving this Motion. All sales are subject to Trustee's final approval. All bidders will be held strictly liable for any bid submitted. Each party that places a bid shall provide their name, email and phone upon placing their initial bid. If a party other than JM Partners LLC is the highest bidder and does not close the sale, the Trustee reserves the right to proceed to the next highest bid received and close with that bidder, which will be reflected in the report of sale to be filed by the Trustee. If one or more third-parties submit bids that are higher than the opening offer from JM Partners LLC and do not close the sale, then the opening offer from JM Partners LLC shall be deemed the successful bid and the parties shall proceed with the sale.

46. The purchase price for the Unpaid Settlement Amount shall be paid by a cashier's check and shall be received by the Trustee within eighteen (18) days after the entry of the Bankruptcy Court's Order approving the Sale. After the Trustee receives the purchase price for the Unpaid Settlement Amount, the Trustee shall provide (1) an assignment of the Unpaid Settlement Amount, (2) an assignment of the UCC-1, (3) a copy of notification from the Trustee to all parties to the Original Settlement Agreement that under authority of the Bankruptcy Court (i) the ownership interest and holder/beneficiary is to be changed on their books and records to buyer, (ii) informing them that the buyer now has the full rights previously held by the Trustee, and (iii) directing them to make all future payments and correspondence to the buyer, and (4) copies of the full and complete files of the Trustee as they relate in any fashion to the Unpaid

Settlement Amount, including but not limited to all correspondence (from any party that is related to the Settlement Agreement, to the extent the Trustee has any), and the payment history and related information as specified above.

47.     The sale is "AS IS, WHERE IS" without any representations or warranties of any kind or nature and such sale is subject to any and all existing conditions. Interested parties are expected to conduct their own due diligence. All sales are subject to sales tax unless the property being sold is tax-exempt or a resale number is used as proof of exemption.

48.     JM Partners LLC and the Trustee negotiated the sale in good faith. JM Partners LLC shall be entitled to the protections of 11 U.S.C. § 363(m) as a good faith purchaser.

49.     The proceeds from the sale of the Unpaid Settlement Amount shall be paid directly to the Trustee and held in the Trustee's trust account pending further order of this Court.

### Whether the Property May Be Viewed, and if so, When and Where

50.     For more information, contact the Trustee's counsel, Patrick T. Derksen, Witthoft Derksen, P.C., 3550 N. Central Ave., Suite 1006, Phoenix, AZ 85012 Telephone: (602) 774-3555. E-mail: pderksen@wdlawpc.com.

### Whether the Offer is Subject to Higher and Better Bids

51.     The contemplated sale is subject to higher and better bids at the Sale. The Unpaid Settlement Amount will be offered to the person making the highest bid at the Sale.

### Date by Which Objections Must Be Filed and Served

52.     Any person opposing the sale shall file a written objection with the Clerk of the U.S. Bankruptcy Court, 230 N. First Avenue, Suite 101, Phoenix, AZ 85003 and served upon the Trustee's counsel, Patrick T. Derksen at Witthoft Derksen, P.C., 3550 N. Central Ave., Suite 1006, Phoenix, AZ 85012. Any such objection must be filed and served within 21 days of the date of this Motion. If a person timely objects in writing and a hearing is requested but has not yet been conducted by the scheduled sale date, bids will still be taken and the sales procedure

followed. The closing of the sale will be dependent upon the outcome of the Court hearing on the objection.

**Whether Any Compensation Will be Paid From the Sale Proceeds, to Whom, and Whether the Recipient is an Insider**

53.     No compensation will be paid from the sale proceeds.

**Whether There is an Appraisal of the Property; Value of the Property Stated Therein**

54.     The Trustee does not have a formal appraisal of the Unpaid Settlement Amount.

**Whether Any Motions for Stay Relief Have Been Filed and by Whom**

55.     No motion for stay relief has been filed with respect to the Unpaid Settlement Amount.

## LEGAL ARGUMENT

### The Court Should Approve the Sale

### [11 U.S.C. § 363]

56.     Pursuant to 11 U.S.C. § 363(b) the trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate.  The Unpaid Settlement Amount is property of this bankruptcy estate, pursuant to 11 U.S.C. § 541. Accordingly, the Trustee has the authority to bring this Motion to sell the Unpaid Settlement Amount.

57.     Pursuant to 11 U.S.C. § 363(f), property of a debtor's estate may be sold free and clear of any liens, claims, encumbrances or interests where (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest, (2) the parties holding those interests consent to the sale, (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, (4) such interest is in bona fide dispute, or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

58. The Trustee requests that the Court find that any party is deemed to have consented to the terms of the sale set forth herein, pursuant to 11 U.S.C. §362(f)(2), if that party fails to timely object to the sale after receiving notice. *See*, *In re Tabone, Inc.*, 175 B.R. 855, 858 (Bankr.D.N.J. 1994); *In re Elliott*, 94 B.R. 343, 345 (E.D.Pa. 1988).

59. Pursuant to 11 U.S.C. § 363(f)(3), property of a debtor's estate may be sold free and clear of any liens, claims, encumbrances or interests where such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property. Upon information and belief, there are no liens encumbering the Unpaid Settlement Amount. As a result, the sale of the Unpaid Settlement Amount is permissible pursuant to 11 U.S.C. §363(f)(3), because the sale price exceeds the aggregate value of all liens encumbering the property.

60. A sale of the Unpaid Settlement Amount is permissible pursuant to 11 U.S.C. §363(f)(4) because the interest of Ms. Hamby is in bona fide dispute. A bona fide dispute exists when there is an objective basis for either a factual of legal dispute as to the validity of an interest in property. E.g., *In re Octagon Roofing*, 123 B.R. 583, 590 (N.D. Ill. 1991). As noted above, there is a binding court order (the Divorce Decree) providing that Ms. Hamby has no interest in the Unpaid Settlement Amount. Moreover, Ms. Hamby has not obtained stay relief to modify the Divorce Decree. As a result, there is a bona fide dispute regarding Ms. Hamby's interest in the Unpaid Settlement Amount.

61. As part of the contemplated Order approving this Motion, the Trustee requests that the Court make an express finding that Ms. Hamby (a) has no right whatsoever to the Unpaid Settlement Amount payments being sold, and (b) has no right against the buyer, Elite or any other party with respect to the Unpaid Settlement Amount; provided, however, Ms. Hamby's rights with respect to the sale proceeds realized by the estate shall remain reserved and the sale proceeds shall be held by the Trustee pending further Order of this Court.

62. In determining whether to approve a proposed sale under section 363, courts generally apply standards that, although stated various ways, represent essentially a business judgment test. 3-363 Collier on Bankruptcy P 363.02 (16th 2016) (citing *In re Condere Corp.*, 228 B.R. 615 (Bankr. S.D. Miss. 1998)). The bankruptcy court reviews the trustee's business judgment to determine independently whether the judgment is a reasonable one. *Id.* The court should not substitute its judgment for the trustee's but should determine only whether the trustee's judgment was reasonable and whether a sound business justification exists supporting the sale and its terms. *Id.*

63. The Trustee believes that the sale of the Unpaid Settlement Amount is in the best interests of the creditors of the estate, and a quick sale of the Unpaid Settlement Amount is appropriate, because the offer from JM Partners LLC is the highest and best offer made for the Unpaid Settlement Amount as of the date of this Motion. Moreover, a sale will realize immediate value for the estate and its creditors, thereby allowing the Trustee to complete administration of this bankruptcy estate. Thus, the sale satisfies the business judgment standard applicable to the sale of estate assets and will benefit the creditors of this estate. *Sunwest Bank v. Walter (In re Walter)*, 83 B.R. 14 (9th Cir. BAP 1988).

64. As part of the contemplated Order approving this Motion, the Trustee requests that the following determinations be included: (a) by providing the Payment Schedule and the Settlement Documents, the Trustee has fully complied with the Trustee's obligations pursuant to the JM Partners LLC offer and Paragraph 44 above; (b) by providing the Payment Schedule and the Settlement Documents, the Trustee has fully complied with the Trustee's obligation to provide a representation of the balance due at closing based on the estate's due diligence, that the Trustee has conducted such due diligence "to the best of the Trustee's ability," and provided the Trustee's warranties and, therefore, fully complied with the Trustee's obligations pursuant to the JM Partners LLC offer and the Trustee's warranties, pursuant to the JM Partners LLC offer and Paragraph 44.b above; and (c) by providing the Settlement Documents, the Payment

Schedule, correspondence to Elite's counsel following the closing, and the necessary assignments, the Trustee has fully complied with the Trustee's obligations pursuant to the JM Partners LLC offer and Paragraph 46 above.

65.     The Trustee requests authorization to execute any documents and take such actions reasonably necessary to effectuate the sale contemplated by this Motion.

66.     Pursuant to Local Bankruptcy Rule 9013-1, the Trustee requests that the Court utilize a "negative notice" procedure in which interested parties have a twenty one (21) day period to file objections to this Motion. If no objections are filed, the Trustee would then be authorized to lodge an order approving this Motion. If an objection is filed, the Trustee will request a hearing be held before the Court.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests the Court enter an Order approving this Motion, authorizing the sale of the Unpaid Settlement Amount pursuant to 11 U.S.C. §§ 363(b) and (f), and for such other and further relief this Court deems just and proper under the circumstances of this case.

Respectfully submitted this 25th day of January, 2022.

**WITTHOFT DERKSEN, P.C.**

By /s/ Patrick T. Derksen          #023178
     Patrick T. Derksen
     Attorneys for Jill H. Ford, Trustee

COPIES of the foregoing were served January 25, 2022 via the Court's CM/ECF Notification System on all parties that requested notice in this case;
and COPIES were *e-mailed/mailed to the following parties:

*Larry Watson
United States Trustee
230 North First Avenue, Suite 204
Phoenix, Arizona  85003-1706
Larry.Watson@usdoj.gov

*Jill H. Ford
P.O. Box 5845
Carefree, Arizona  85377
Chapter 7 Trustee
jford@trustee.phxcoxmail.com

Dustin J. Hamby
11217 W. Jomax Rd.
Peoria, AZ 85383
Debtor

*Leonard V. Sominsky
Leonard V. Sominsky, Esq., PC.
2700 N. 3rd Street, Suite 2006
Phoenix, AZ 85004
INFO@LVSLAW.NET
Attorneys for Debtor

*Mark J. Giunta
Law Office of Mark J. Giunta
531 East Thomas Road, Suite 200
Phoenix, Arizona 85012
markgiunta@giuntalaw.com
Attorneys for Elite Sales & Marketing Inc.

Courtney Hamby
1707 W. Yearling Rd.
Phoenix, AZ 85085

*John Marshall
JM Partners LLC
6800 Paragon Place, Suite 202
Richmond, VA 23230-1656
JMarshall@JMPartnersLLC.com

*Steve Mitnick
SM Financial
smitnick@sm-lawpc.com

/s/ Aimee Bourassa

# Exhibit A

Person Filing: (A) Courtney Hamby
Address (if not protected): 8203 W. Oraibi Dr. #2120
City, State, Zip Code: Peoria, AZ 85382
Telephone:
Email Address: courtneyhamby28@gmail.com
ATLAS Number:
Lawyer's Bar Number:

Representing ☒ Self, without a Lawyer or ☐ Attorney for ☐ Petitioner OR ☐ Respondent

FILED
11-6-17 11:44 a.m.
MICHAEL K. JEANES, Clerk
By E. Morgenstern
E. Morgenstern, Deputy
FOR CLERK'S USE ONLY

Electronically Recorded

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Courtney Hamby
(B) Petitioner

Dustin Hamby
(B) Respondent

Case Number: FC2015-071603

ATLAS Number: _____
(if applicable)

DECREE OF DISSOLUTION OF A NON-
COVENANT MARRIAGE WITH MINOR
CHILDREN

DEFAULT

## THE COURT FINDS: (B)

1. This case has come before this court for a final Decree of Dissolution of Marriage. The court has taken all testimony needed to enter a Decree, or the court has determined testimony is not needed to enter the Decree.

2. This court has jurisdiction over the parties under the law and the provisions of this Decree are fair and reasonable under the circumstances, and are in the best interests of the minor child(ren) as to physical custody, authority for legal decision making (legal custody), parenting time, and support.

   SERVICE BY PUBLICATION:

   If Respondent was served by publication and was not personally served, this court cannot make a legal order, with respect to issues of child support, medical and dental insurance, payments, expenses for the minor child(ren), community property or debt, or spousal maintenance/support. The court reserves jurisdiction until personal service is made upon Respondent to consider the maintenance/support of either spouse, the disposition of community property or debts, child support, and any other relief requested in the Petition or orders deemed necessary by the court.

3. The Court finds that:

   a. **90 Day Requirement:** At the time this action was filed, one or both parties had lived in, or been stationed in Arizona while a member of the United States Armed Forces, for more than 90 days.

   b. **Conciliation provisions of A.R.S. §25-381.09** either do not apply or have been met.

   c. **Irretrievably Broken:** The marriage is irretrievably broken. This marriage is not a covenant marriage.

   d. **Regarding Issues of Minor Children, Child Support and Spousal Maintenance, Division of Property and Debt:** Where it has the legal power and where it is applicable to the facts of this case, this court has considered, approved, and made Orders relating to issues of legal decision making (legal custody), parenting time, child support, spousal maintenance (alimony), and the division of property and/or debts.

Case No. FC2015-071609

11. **MINOR CHILDREN TO WHOM THIS DECREE DOES NOT APPLY:** It is ordered that
☐ Wife, OR ☐ Husband has no legal obligation or right to the minor child(ren) born during the marriage but not common to the marriage. These minor children include: (Use additional paper if necessary)

Name: _____  Birth date: _____
Name: _____  Birth date: _____
Name: _____  Birth date: _____

Child expected to be born this date: _____

12. **OTHER ORDERS.** (List any other orders.)

See attached documents
Busness "Love Your Skin" awarded to wife
Elite Sales & Marketing Group awarded to husband
Dustin Hamby & Assoc awarded to husband

**FINAL APPEALABLE ORDER.** Pursuant to Arizona Rules of Family Law Procedure, Rule 81, this final judgment/decree is settled, approved and signed by the court and shall be entered by the clerk.

DONE IN OPEN COURT: November 6, 2017 (D)

**COMM. BERNARD C. OWENS**

_____
JUDGE OR COURT COMMISSIONER

If this Decree was issued as a "Default," _and_ the Petitioner served the papers to begin this case by any means _other than_ by publication, a copy of this Decree shall be mailed or delivered to the Respondent within 24 hours of the court hearing as follows:

Respondent's Name: Dustin Hamby
Mailing Address: 10819 W. Avenida Del Rey
City, State Zip Code: Peoria Az 85383
By Petitioner: Courtney Hamby
Date: 10.19.17

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED
DEC
DRDC81f-022616

# Exhibit B

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Matt Palmer Law Firm, PLC

B. E-MAIL CONTACT AT FILER (optional)
matt@palmer.legal

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Matt Palmer Law Firm, PLC
1423 S. Higley Rd., Ste. 112
Mesa, AZ 85206

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Elite Sales & Marketing Group, Inc. | | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 603 Seagaze Drive #110 | Oceanside | | CA | 92054 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Individual Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| Hamby | Dustin | | | | |
| 3c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 1423 S. Higley Rd., Ste. 112 | Mesa | | AZ | 85206 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
All accounts receivable and bank accounts of Elite Sales & Marketing Group, Inc.

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | ☐ being administered by a Decedent's Personal Representative | |
|---|---|---|
| 6a. Check only if applicable and check only one box: | | 6b. Check only if applicable and check only one box: |
| ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility | | ☐ Agricultural Lien ☐ Non-UCC Filing |
| 7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer | ☐ Bailee/Bailor | ☐ Licensee/Licensor |
| 8. OPTIONAL FILER REFERENCE DATA: | | |

Arizona Uncertified Copy of Secretary of State

# Exhibit C

Settlement Payment Summary
Case No. 2:18-bk-15100-MCW

Hamby, Dustin                    PD: 12/12/18

$    240,000.00    Settlement Amount

| Due Date | Amount Paid | Total Paid | Unpaid Balance | |
|---|---|---|---|---|
| 01/25/20 | $ (4,000.00) | $ (4,000.00) | $ 236,000.00 | |
| 02/25/20 | $ (4,000.00) | $ (8,000.00) | $ 232,000.00 | |
| 03/25/20 | $ (4,000.00) | $ (12,000.00) | $ 228,000.00 | |
| 04/25/20 | $ - | | | |
| 05/25/20 | $ - | | | |
| 06/25/20 | $ - | | | |
| 07/25/20 | $ (2,000.00) | $ (14,000.00) | $ 226,000.00 | |
| 08/25/20 | $ (2,000.00) | $ (16,000.00) | $ 224,000.00 | |
| 09/25/20 | $ (2,000.00) | $ (18,000.00) | $ 222,000.00 | |
| 10/25/20 | $ (2,000.00) | $ (20,000.00) | $ 220,000.00 | |
| 11/25/20 | $ (2,000.00) | $ (22,000.00) | $ 218,000.00 | |
| 12/25/20 | $ (2,000.00) | $ (24,000.00) | $ 216,000.00 | |
| 01/25/21 | $ (2,000.00) | $ (26,000.00) | $ 214,000.00 | |
| 02/25/21 | $ (2,000.00) | $ (28,000.00) | $ 212,000.00 | |
| 03/25/21 | $ (2,000.00) | $ (30,000.00) | $ 210,000.00 | |
| 04/25/21 | $ (2,000.00) | $ (32,000.00) | $ 208,000.00 | |
| 05/25/21 | $ (2,000.00) | $ (34,000.00) | $ 206,000.00 | |
| 06/25/21 | $ (2,000.00) | $ (36,000.00) | $ 204,000.00 | |
| 07/25/21 | $ (2,000.00) | $ (38,000.00) | $ 202,000.00 | |
| 08/25/21 | $ (2,000.00) | $ (40,000.00) | $ 200,000.00 | |
| 09/25/21 | $ (2,000.00) | $ (42,000.00) | $ 198,000.00 | |
| 10/25/21 | $ (2,000.00) | $ (44,000.00) | $ 196,000.00 | |
| 11/25/21 | $ (2,000.00) | $ (46,000.00) | $ 194,000.00 | |
| 12/25/21 | $ (2,000.00) | $ (48,000.00) | $ 192,000.00 | Elite is issuing replacement check. |
| 01/25/22 | $ (2,000.00) | $ (50,000.00) | $ 190,000.00 | Assumes January 2022 check clears. |
| 02/25/22 | $ (2,000.00) | | | |
| 03/25/22 | $ (2,000.00) | | | |
| 04/25/22 | $ (2,000.00) | | | |
| 05/25/22 | $ (2,000.00) | | | |
| 06/25/22 | $ (2,000.00) | | | |
| 07/25/22 | $ (4,000.00) | | | |
| 08/25/22 | $ (4,000.00) | | | |
| 09/25/22 | $ (4,000.00) | | | |
| 10/25/22 | $ (4,000.00) | | | |
| 11/25/22 | $ (4,000.00) | | | |
| 12/25/22 | $ (4,000.00) | | | |
| 01/25/23 | $ (4,000.00) | | | |
| 02/25/23 | $ (4,000.00) | | | |
| 03/25/23 | $ (4,000.00) | | | |
| 04/25/23 | $ (4,000.00) | | | |
| 05/25/23 | $ (4,000.00) | | | |
| 06/25/23 | $ (4,000.00) | | | |
| 07/25/23 | $ (4,000.00) | | | |

| | | |
|---|---|---|
| 08/25/23 | $ | (4,000.00) |
| 09/25/23 | $ | (4,000.00) |
| 10/25/23 | $ | (4,000.00) |
| 11/25/23 | $ | (4,000.00) |
| 12/25/23 | $ | (4,000.00) |
| 01/25/24 | $ | (4,000.00) |
| 02/25/24 | $ | (4,000.00) |
| 03/25/24 | $ | (4,000.00) |
| 04/25/24 | $ | (4,000.00) |
| 05/25/24 | $ | (4,000.00) |
| 06/25/24 | $ | (4,000.00) |
| 07/25/24 | $ | (4,000.00) |
| 08/25/24 | $ | (4,000.00) |
| 09/25/24 | $ | (4,000.00) |
| 10/25/24 | $ | (4,000.00) |
| 11/25/24 | $ | (4,000.00) |
| 12/25/24 | $ | (4,000.00) |
| 01/25/25 | $ | (4,000.00) |
| 02/25/25 | $ | (4,000.00) |
| 03/25/25 | $ | (4,000.00) |
| 03/25/25 | $ | (48,000.00) |
| | $ | (240,000.00) |